Commonwealth of Pennsylvania *v.* David R. Anderson, Register and Recorder and Clerk of the Orphans' Court of Fayette County, Appellant.

*Public officers—Recorder of deeds—Register of wills—Report of special auditor—Appeals—Act of April 21, 1846.*

The report of a special auditor, appointed under the act of April 21, 1846, P. L. 415, to pass upon the accounts of public officers, is not such an adjudication as will require the commonwealth to appeal therefrom, or in default of appeal be concluded thereby.

*Fees — Public officers — Constitutional law—Taxation — Act of May 6, 1874.*

The act of May 6, 1874, P. L. 125, relating to the compensation of clerks of the orphans' court, registers of wills, recorders of deeds, etc., does not violate article IX. of the constitution providing for uniformity of taxation, or article III. section 7, forbidding the legislature to pass "any local or special law . . . . regulating the affairs of counties."

The act of May 6, 1874, P. L. 125, requires that clerks of the orphans' court, registers of wills, recorders of deeds, etc., " of this commonwealth shall pay into the treasury for the use of the commonwealth, after deducting all necessary clerk hire and office expenses, fifty per centum on the amount of any excess over and above the sum of $2,000, which shall be found by the auditor appointed by the court to settle accounts of county officers to have been received by any office in any one year: Provided, if two or

more of said offices shall be held by one person, the auditor general shall add together the fees received in the offices so held, and shall charge the same percentage on the aggregate amount of fees received by such person holding more than one of said offices." *Held*, that in ascertaining what amount should be paid to the commonwealth by a person holding two offices only one salary should be deducted from the gross receipts.

Argued June 2, 1896. Appeal, No. 10, May T., 1896, by defendant, from judgment of C. P. Dauphin Co., Sept. T., 1894, No. 438, on case tried by the court without a jury. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Appeal from settlement for tax upon fees of office.

The case was tried by the court without a jury under the act of April 22, 1874.

McPHERSON, J., filed the following opinion:

This case was tried without a jury under the act of 1874. We find the facts to be as follows:

1. The defendant was elected to the three offices of register of wills, recorder of deeds and clerk of the orphans' court of Fayette county, and entered upon the discharge of his duties on the first Monday of January, 1892.

2. During the year 1893, the fees which he received from these offices aggregated $7,763.21. This sum appears upon the report of Joseph Carroll, an auditor appointed by the court of common pleas of Fayette county under section 10 of the act of 1846, P. L. 415.

3. Mr. Carroll's report, which was filed in the auditor general's office on March 22, 1894, charges the defendant with the sum of $7,618.56, "amount of fees received, charged during the current year," and with the sum of $144.65, "amount of fees received, charged during the previous year;" making the above-stated aggregate of $7.763.21. The report does not state separate accounts with the defendant as register of wills, recorder of deeds and clerk of the orphans' court.

4. The report of the auditor credited to the office of register of wills a salary of $2,000, and clerk hire amounting to $3,221.51, making a total of $5,221.51; which amount deducted from the gross amount of fees with which the defendant is charged leaves an excess of fees of $2,541.70.

From this amount a further deduction of fifty per cent is made in favor of the defendant; leaving a balance of $1,270.85 due from him to the commonwealth on account of fees. For this amount a settlement was made against the defendant as register and recorder of Fayette county, on May 23, 1894, and from this settlement an appeal was taken to the court of common pleas of Dauphin county in due form and within the time allowed by law.

5. No salary was allowed by the accounting departments of the commonwealth to the defendant in his capacity of recorder of the orphans' court.

6. No appeal was taken either by the commonwealth or the defendant from the report of the auditor.

The questions raised by these facts have already been decided in Com v. Conway, 2 Dist. Rep. 429. In accordance with that opinion we conclude that the commonwealth is entitled to recover as follows :

| | |
|---|---:|
| Balance, . . . . . . . | $1,270 85 |
| Interest from July 23, 1894, to May 6, 1895, at 6 per cent per annum, . . . . | 60 37 |
| Attorney general's commission, 5 per cent, | 63 54 |
| Total . . . . . . | $1,394 76 |

For which amount we direct judgment to be entered if exceptions are not filed according to law.

Exceptions that the court erred in its conclusions of law, and in not directing judgment for defendant, were overruled and judgment directed in accordance with above opinion.

On an additional exception filed, McPHERSON, J., filed the following opinion :

Since the entry of judgment in this case the attorney general has agreed that the defendant may file the following additional exception to the ruling of the court:

" The court erred in directing judgment in favor of the commonwealth and against the defendant, because the settlement of the auditor general and state treasurer which purports to have been made under the act of April 2, 1868, sec. 8, P. L. 11, is in fact a settlement under the act of May 6, 1874, P. L. 125; and if the proviso in said last mentioned act is so construed as

to allow the defendant but one salary for the several offices which he holds, thus discriminating against him and in favor of other persons who hold like offices separately, it is unconstitutional, null and void, being contrary to article IX. section 1 of the constitution, as well as article III. section 7, clause 2."

The defendant's argument is, that the body of the act of 1874 repeals all preceding acts on this subject, because it provides a new system for taxing the fees of officers in counties having less than one hundred and fifty thousand inhabitants ; but that the proviso of the act is void because it offends against article IX. of the constitution providing for uniformity of taxation, and against article III. section 7, forbidding the legislature to pass " any local or special law . . . . regulating the affairs of counties . . . . " In our opinion this position is unsound throughout. It is not the proviso, however, but the whole act which the defendant ought to attack, if he desires to insist upon an alleged violation of article III. section 7, for it is not the proviso but the body of the act which confines its scope to counties having a specified population. But whatever may be his point of attack we believe that the act of 1874 does not offend against article III. section 7, because it is not a local or special law. It applies to all the counties of the state containing less than one hundred and fifty thousand inhabitants ; and while statutes upon certain other subjects having a similarly restricted scope have been held to be unconstitutional in several cases which it is not necessary to cite, the act in question is valid because it is restricted by the constitution itself to the class or subject with which it deals, and therefore is not within the reason of these decisions. In effect this was declared in Morrison v. Bachert, 112 Pa. 322. The subject of the act then under consideration was the fees which the citizens of the state should pay in consideration of the services rendered by certain officers. The statute was held to be unconstitutional because it excluded permanently from its provision every county containing more than one hundred and fifty thousand inhabitants ; its subject being clearly a county affair upon which local legislation was prohibited. But the court was careful to distinguish between a fee considered as a sum which the citizen is to pay, and a fee considered as the sum which the officer is to receive. In the latter aspect the constitution itself has

made a classification which the legislature is not at liberty to disregard. " It is further to be observed," Mr. Justice PAXSON says on page 330, " that so far as the compensation to county officers is concerned the constitution has classified the counties of the state."

Moreover the act of 1874 does not in any respect regulate " the affairs of counties." It does not increase or diminish the fees which the officers are to receive—thus affecting the people who pay, as well as the officer who earns, the fees. Leaving the amount of his fees to be determined by other statutes, the act of 1874 is concerned simply with the subject of taxation by the state upon the receipts of the office. This treats a fee as the compensation of the officer, and taxes it in his hands as his property. From this point of view his fees are in no sense a county affair. The act affects the profits of the officer and the receipts of the state treasury, but, except remotely, no other consideration is involved. Therefore even if the act is to be regarded as local it is not forbidden by the clause to which we have just referred.

Neither is it forbidden by section 1 of article IX., which requires uniformity of taxation within the limits of a particular class. The body of the act provides for taxation upon a certain subject, namely: the fees of one office when received by a person who holds no other office, while the proviso imposes a tax upon a different subject, namely: the aggregate fees of several offices when they are held by the same person. These two classes are formed in the exercise of the legislative power to classify subjects for taxation, and if the power has been lawfully exercised, article IX. has not been violated, for the act bears uniformly upon every subject in each class. Considering the wide discretion left to the legislature in this matter of classification, we decline to hold that the act in question offends against the constitutional provision by putting into one class those offices of which each is held by a separate person, and putting into another class those offices of which two or more are held by the same person. The following cases will illustrate the extent of the power to classify: Com. v. Germania Brewing Company, 145 Pa. 83; Com. v. Westinghouse Company, 151 Pa. 272; Com. v. National Oil Company, 157 Pa.

516; Com. v. Sharon Coal Company, 164 Pa. 304; Pittsburg v. Coyle, 165 Pa. 61; Williamsport v. Wenner, 172 Pa. 182.

This disposes of the defendant's exception; for even if the act of 1874 is looked upon as furnishing a new system of taxing fees of office in counties containing less than one hundred and fifty thousand inhabitants (as the defendant contends) his position is no better than it was under the 8th section of the act of 1868, P. L. 11, unless he can divide the act of 1874 as the exigency of his argument requires. He must sustain the body of the latter act as a substitute for the section referred to, but must get rid of the proviso before he can escape the taxation he is now resisting.

The commonwealth seemed content to rest its case upon the act of 1868, apparently believing that the entire act of 1874 was local and unconstitutional. It may be as well therefore to repeat briefly that in our opinion this position is not correct. For the reasons already outlined, the cases cited by the learned deputy attorney general in support of his view do not sustain it, if we understand their scope. So far as the compensation of county officers is concerned, the constitution in article XIV. section 5, has certainly classified the counties of the state. It there directs that " in counties containing over one hundred and fifty thousand inhabitants, all county officers shall be paid by salary; " and thereby has divided the counties of the state into two classes, one having a population of over one hundred and fifty thousand, and the other containing a population less than that number. Therefore, in taxing the compensation of county officers by the act of 1874, it was not only proper for the legislature to confine its attention to the officers in the latter class, but it would have been practically useless to do otherwise. To have made the act apply to officers in the former class would certainly have violated the spirit, at least, of the constitution which enjoined the legislature to provide for the payment of salaries to officers in this class. Moreover, while it is true that the preceding statutes fixing the compensation and taxing the fees of officers in counties containing more than one hundred and fifty thousand inhabitants continued in force until the passage of the act of 1876, P. L. 13, which established a new system in these counties; and while therefore it may perhaps be true that the act of 1874 might conceivably have been

so framed as to embrace formally, and for a year or two, the fees of office received in all the counties of the state, this would have been a formal and temporary inclusion only.   In the counties of the first class the officers ceased to receive fees for their own benefit after the act of 1876 provided salaries for their compensation; and therefore any tax upon fees which might have been imposed by the act of 1874 would have disappeared ipso facto with the officers' interest in the fees themselves: Com. v. Mann, 168 Pa. 290.   Manifestly, as it seems to us, the legislature in 1874 properly excluded the class of counties containing more than one hundred and fifty thousand inhabitants, reserving that class for the separate treatment which it received two years later in accordance with the command of the constitution.

The act of 1874 is almost an exact transcript of the 8th section of the act of 1868, and the reason why it was enacted is to be found in the last section of the act of 1868, which exempts a few counties from the operation of that statute.   The act of 1874 follows the constitutional classification, and extends the scope of section 8 of the act of 1868 so as to embrace those counties theretofore exempt which belong to the class with which it is concerned; the result being that the fees of office in all the counties of this class are now taxed by the acts of 1868 and 1874, except perhaps the fees of the clerk of the oyer and terminer.   The omission of this particular office has been recently considered in Com. v. Fry., No. 24, commonwealth docket, Dauphin common pleas; and it is mentioned now only because it might otherwise appear to have been overlooked.   It has no effect upon the question raised in this controversy.

The defendant's additional exception is accordingly overruled, and the judgment already entered will continue to stand as the judgment of the court.

*Error assigned* was in entering judgment for the commonwealth.

*Benjamin M. Nead,* with him *McDonald & Cray, Cooper & Van Swearingen* and *J. Hall Musser,* for appellant.—The report of the county auditors upon the county treasurer's account is conclusive, as against both the officer and the commonwealth,

unless appealed from within the time limited by the act: Glat-felter v. Com., 74 Pa. 74; Siggins v. Com., 85 Pa. 278; Black-more v. Allegheny County, 51 Pa. 160.

The defendant contends that he is entitled to receive a salary of or at least to have credited to him an amount up to $2,000 for each office he holds, before dividing with the commonwealth.

The tax on offices in all counties containing less than one hundred and fifty thousand inhabitants must be settled and collected under the act of May 6, 1874, P. L. 125, and not under the act of April 2, 1868, sec. 8, P. L. 11, the act of 1874 being a statute embracing the essential provisions of the antecedent one on the same subject, and formulating a new system: Com. v. Mann, 168 Pa. 297. While the tax on offices must be levied and collected under the act of 1874, that tax must fall equally upon every county of the state, and under the operations of the proviso to this act that is impossible.

The proviso fixing a different rate or percentage for determining the tax on offices which are held separately, from that determined for offices held together, is in violation of article IX. section 1 of the constitution, and being a regulation of the affairs of counties is in violation of article III, section 7, clause 2.

*John P. Elkin*, deputy attorney general, and *Henry C. Mc-Cormick*, attorney general, for appellee made no oral argument.

OPINION BY MR. CHIEF JUSTICE STERRETT, October 5, 1896:

This case came into the court below on defendant's appeal from the auditor general's settlement against him for fifty per cent of the excess of fees collected by him in his several official capacities as recorder of deeds, register of wills and clerk of the orphans' court of Fayette county; and, by agreement filed it was tried without a jury under the provisions of the act of 1874.

Defendant's accounts had been examined and passed upon by an auditor, appointed by the common pleas under section 10 of the act of April 21, 1846, P. L. 415, whose report, filed with the auditor general, formed the basis of the settlement from which this appeal was taken. In that report, allowance is made for only one salary of $2,000. Deducting that, together with clerk hire and office expenses, from the gross amount of fees collected, leaves the excess of fees $2,541.70. A further de-

duction of fifty per centum from this latter sum gives $1,270.85 as the balance due by the defendant to the commonwealth on account of tax on fees. For that sum, together with interest and attorney general's commissions, judgment was entered against the defendant by the court below. This appears to have been fully warranted by the law and the facts of the case as they appear in the opinion of the learned trial judge.

There is no merit in either of the technical positions taken by the defendant; and in so far at least as the offices in question are concerned, there appears to be no good reason for assailing the constitutionality of the act of May 6, 1874, P. L. 125. The correctness of the judgment in favor of the commonwealth is so fully vindicated in the opinion referred to that further discussion of the questions involved appears to be unnecessary.

The act of 1874 requires that clerks of the orphans' court, registers of wills, recorders of deeds, etc. " of this commonwealth shall pay into the treasury for the use of the commonwealth, after deducting all necessary clerk hire and office expenses, fifty per centum on the amount of any excess over and above the sum of two thousand dollars, which shall be found by the auditor, appointed by the court to settle accounts of county officers, to have been received by any office in any one year: Provided, if two or more of said offices shall be held by one person, the auditor general shall add together the fees received in the offices so held, and shall charge the same percentage on the aggregate amount of fees received by such person holding more than one of said offices." This language admits of no other reasonable construction than that only one salary shall be deducted from the gross receipts, etc. The construction contended for by defendant would render the proviso inoperative. On the other hand the commonwealth's construction harmonizes and gives effect to all the provisions of the act. For those and other reasons, more fully given by the court below, neither of the assignments of error should be sustained.

Judgment affirmed.