# Commonwealth *v.* Chambersburg Engineering Co., Appellant.

*Taxation—Corporations—Emergency profits tax—Net income— Deductions for losses—Act of June 28, 1923, P. L. 876—Federal tax—Net incomes—Acts of Congress of 1921 and 1923.*

1. In ascertaining the tax on the net income of a corporation under the Emergency Profits Tax Act of June 28, 1923, P. L. 876, for the calendar year ending December 31, 1923, net losses sustained by the corporation for the two prior years 1921 and 1923, are not deductible, although such losses are deductible under the Federal Income Tax Statutes of 1921 and 1923, for the purpose of fixing the amount on which the federal income tax is to be paid.

2. The fact that the Pennsylvania act requires that a copy of the income tax report for the years 1923 and 1924, as made to the Federal Government by the corporation, must be furnished to the auditor general, does not mean that an emergency profits tax is to be paid upon the net income after such allowance and deductions as the federal authorities shall permit.

3. The report made to the federal authorities is only information to the authorities of the State.

Argued May 25, 1925. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 23, May T., 1926, by defendant, from judgment of C. P. Dauphin Co., Commonwealth Docket, 1925,

No. 100, for Commonwealth, in case of Commonwealth v. Chambersburg Engineering Co.   Affirmed.

Appeal from tax settlement.  Before HARGEST, P. J. The opinion of the Supreme Court states the facts. Judgment for Commonwealth.   Defendant appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*G. R. Hull,* of *Snyder, Miller & Hull,* for appellant.— The net losses specified in section 204 of the Federal Revenue Act of 1921 should be deducted from the gross income of a corporation in computing the net income upon which the emergency profits tax shall be paid under the Act of June 28, 1923, P. L. 876.

The net income of a corporation upon which the Pennsylvania tax is to be paid is the amount of net income upon which income tax is required to be paid to the United States.

The net income of a corporation upon which income tax is required to be paid to the United States is not net income as defined in section 232 of the Revenue Act of 1921.   It is reduced by the deduction of statutory net losses specified in section 204 and of the credits enumerated in sections 236 and 238: Charlton Woolen Co. v. Com., 147 N. E. (Mass.) 594.

*John Robert Jones,* Special Attorney for the Com., with him *George W. Woodruff,* Attorney General, for appellee.—The subject of the tax is the net income of the corporation during the two calendar years 1923 and 1924, or if permitted under the terms of the act to make its report as of its fiscal year, the subject of the tax is the net income of the corporation during its two fiscal years commencing at any time during the year 1923 and ending the corresponding day in the year 1925.

Charlton Woolen Co. v. Com., 147 N. E. 594, is based on the language of the Massachusetts Act, which differs from our act.

OPINION BY MR. JUSTICE SCHAFFER, June 26, 1926:

This is an appeal by defendant from the judgment of the court below assessing against it a sum for taxes found to be due under the Emergency Profits Tax Act of June 28, 1923, P. L. 876, for the calendar year ending December 31, 1923. The question for decision is: In ascertaining the net income for the year, are net losses sustained by defendant, for the two prior years 1921 and 1922, deductible because they are deductible under the federal income tax statute, for the purpose of fixing the amount on which tax is to be paid?

The act makes every corporation subject to an emergency profits tax of one-half of one percentum per annum for two years "upon each dollar of the net income of such corporation *during* the years" 1923 and 1924. In defining what is meant by net income the language of the act is "The term 'net income,' as used in this act, shall mean net income for the calendar or fiscal year as returned to the federal government, together with all interest and dividends." The act provides for a report to the auditor general in which the corporation taxpayer shall set forth "A true copy of its last return......to the collector of internal revenue *of the annual net income* arising or accruing in the calendar year next preceding or such part or portion of said return as the auditor general may designate."

Defendant filed a report as required by the act for the year 1923 with the auditor general showing a net income of $107,541.56. In arriving at its net income, it deducted losses for the years 1921 and 1922, amounting to $51,-319.76. The auditor general refused to allow these deductions and assessed the tax on a net income of $158,-861.32. From the refusal of the court below to allow

the deduction for losses and settling a tax on the amount thereof defendant appeals.

The War Revenue Act of 1921, U. S. Comp. St. Ann., 1923 Sup., p. 1982, section 6336⅛ cc provides, "(b) If for any taxable year beginning after December 31, 1920, it appears......that any taxpayer has sustained a net loss, the amount thereof shall be deducted *from the net income* of the taxpayer for the. succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year......"

Appellant contends that the net income of a corporation upon which the emergency profits tax is to be paid, is the amount of net income upon which income tax is required to be paid to the United States. We do not so construe the act. It defines net income as the net income *returned* to the federal government, not that on which tax is paid to it, and assesses the tax "upon each dollar of the *net income* of such corporation" during the two years 1923 and 1924. From no language of the act can the inference arise that, so far as the State of Pennsylvania is concerned, losses sustained in prior years are to be deducted from the net income for the two enumerated years. Appellant argues that, because of the requirement that a copy of the income tax report as made to the federal government be furnished to the auditor general, the legislative intent must have been that it is upon the net income after such allowances and deductions as the federal authorities shall permit, that the emergency profits tax is to be paid. But our act does not so stipulate; it assesses the tax on the actual net income for the named years, not the sum to be taxed as arrived at by the federal authorities after such deductions as may seem proper to them.

Appellant also calls our attention to section 6 of the state Act as supporting the contention that the net income of a corporation upon which the Pennsylvania tax

is to be paid is the amount of net income upon which income tax is required to be paid to the United States. That provision of the act reads: "If the amount of the net income as returned by any corporation......is changed or corrected by the commissioner of internal revenue, or by any other official of the United States, such corporation, within thirty days after receipt of notification of such change or correction shall make report, under oath or affirmation, to the auditor general of such changed or corrected net income upon which the tax is required to be paid to the United States," with a penalty prescribed for failure to file the report, and a requirement of a refund to the taxpayer if a deduction is made, and of payment of any additional taxes which may be assessed. Emphasis is laid on the last clause of the quotation but, as was said by the learned President Judge of the court below in his opinion: "It will, however, be noticed that it is 'the amount of the net income as returned' which is to be changed or corrected, and not the amount of the taxable income. It may readily be that the 'net income,' as that term is defined in the federal statute, may be corrected. If the legislature had intended to allow all deductions which were allowed by the federal government, it would have been easy to say so, but the legislature has not used that language." The report made to the federal authorities is only informative to those of the State. In enacting our legislation we did not write the federal income tax statute or any of its provisions into our law.

The conclusion reached by the court below holding defendant liable upon its entire net income for the year was correct.

The judgment is affirmed.