National Transit Company et al. *v.* Boardman, Secretary of Revenue, Appellant.

Argued November 22, 1937. Before SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Manuel Kraus,* Deputy Attorney General, with him *Charles J. Margiotti,* Attorney General, for appellant.

*Geo. Ross Hull,* of *Snyder, Hull, Hull & Leiby,* for appellees.

OPINION BY MR. JUSTICE LINN, January 3, 1938:

The Secretary of Revenue appeals from an order awarding a peremptory writ of mandamus against him.

The petitioners for the writ, National Transit Company and National Transit Pump and Machine Company, are corporations of Pennsylvania; National Transit Company owns 101,790 of the 101,800 outstanding voting shares of the National Transit Pump and Machine Company, the remaining 10 shares being held by directors of the National Transit Company for the purposes of qualification. No facts are in dispute. Both corporations are taxable under the Corporate Net Income Tax Act of May 16, 1935, P. L. 208, 72 PS section 3420a et seq. Section 3 of the act provides: "Every corporation shall be subject to, and shall pay for the privilege of doing business in this Commonwealth, a State excise tax at the rate of six per centum per annum upon each dollar of net income of such corporation. . . ."

Section 5 provides: "Consolidated reports.—The Department shall, upon application made to it in such form as it shall prescribe, permit any corporation owning or controlling, directly or indirectly, a majority of the voting capital stock of another corporation or of other corporations, subject to the provisions of this act, to make a consolidated report, showing the combined net income." Considering themselves entitled to make a consolidated return, the plaintiff corporations applied to the Secretary for the necessary forms for their report.

The Secretary refused and this proceeding followed. In his return he gives the following reason for his refusal: "17. Further answering the petition for writ of alternative mandamus, defendant avers that these plaintiffs are not entitled to make a consolidated report for the reason that they can not comply with requirements of Section 6 of the 'Regulations of the Department of Revenue in effect February 25, 1936,' duly prescribed, adopted and promulgated by the Department of Revenue under Section 9 of the Corporate Net Income Tax Act and for the further reason that it is wholly within the discretion of the Department of Revenue as to whether or not it will allow corporations to make consolidated reports."

Section 6 of the regulations, prescribed by the Department of Revenue under authority thought to be conferred by section 9 of the Act, provides: "Consolidated reports of corporate net income may be made to the Commonwealth of Pennsylvania only by corporations making consolidated reports to the Federal Government [now, common carriers] for income tax purposes, under section 141 of the Revenue Act of 1934, as amended, and the regulations thereunder. However, all the corporations included in the consolidated report to the Federal Government must be subject to the provisions of the Pennsylvania 'Corporate Net Income Tax Act', in order to file a consolidated report in this Commonwealth."

Plaintiffs deny the power of the Secretary to make such a regulation. They contend that section 5 imposes a mandatory duty and not one merely permissive; the Secretary insists that the legislature has given him discretion to determine whether corporations may consolidate their returns. The learned court below held the provision mandatory.

While the word "shall" is generally regarded as imperative, in some contexts it is given a permissive meaning. The intended meaning is determined by what is intended by the statute: see *Noecker v. Woods*, 259 Pa.

160, 166, 102 A. 507; *Lynn v. Lynn,* 256 Pa. 563, 566, 100 A. 975; *Com. ex rel. v. Powell,* 249 Pa. 144, 150, 94 A. 746; *Deibert v. Rhodes,* 291 Pa. 550, 140 A. 515. If the thing directed is of the essence of the thing required the statute is mandatory: *Deibert v. Rhodes,* supra. If the plaintiff corporations are authorized to file a consolidated return, it is essential that they receive the necessary blank forms and that the Secretary comply with their request. Apart from the text itself, which we consider sufficient, the record contains additional evidence that the legislature did not intend to confer discretionary power on the Secretary. It was shown that when first introduced, section 5 contained the word "may", but that, before the bill was passed and approved, "may" was stricken out and "shall" was substituted. While, in ascertaining the legislative meaning, what is said in debate is not relevant *(Bank v. Commonwealth,* 19 Pa. 144, 156; *Southwark Bank v. Commonwealth,* 26 Pa. 446, 450) the report of a legislative commission or of a conference committee is to be considered: *Tarlo's Estate,* 315 Pa. 321, 324, 172 A. 139; *Miles's Estate,* 272 Pa. 329, 339, 116 A. 300; see also *Rea v. Board of Aldermen,* 217 Mass. 427, 105 N. E. 618. The learned court below was right in holding the provision mandatory.

The Secretary contends that the "base of the tax to which the rate is to be applied is the net income as returned to and ascertained by the Federal Government" and that only such corporations as are permitted by Congress to file consolidated returns may do so under the state statute. This contention he derives, as we understand his argument, from part of the definition of "net income" contained in section 2. This section entitled "Definitions", as amended Aug. 7, 1936, P. L. 127, provides, inter alia: " 'Net income.' 1. In case the entire business of the corporation is transacted within this Commonwealth, net income for the calendar year or fiscal year as returned to, and ascertained by the Federal Government, subject, however, to any correc-

tions thereof, for fraud, evasion, or error as finally ascertained by the Federal Government; Provided, That additional deductions shall be allowed from net income on account of any taxes paid to the Government of the United States; . . ." It is said that, as by the Federal Act of June 22, 1936, c. 690, section 141, 49 Stat. 1698, amending the Act of May 10, 1934, c. 277, section 141, 48 Stat. 720, 26 USCA section 141, consolidated returns may be filed by an "affiliated group of corporations"* engaged as common carriers, plaintiff corporations, not being common carriers, are therefore not within the class allowed by the Act of Congress to file a consolidated return for federal purposes. But a reading of the act shows that the word income has a wider meaning than that attributed by the Secretary. Section 2 provides that the definition of income is not limited to what has already been quoted, if the text of the act indicates a different meaning. From section 4 of the act, we take the following: ". . . it shall be the duty of every corporation, liable to pay tax under this act . . . to transmit to the department, upon a form prescribed, prepared, and furnished by the department, a report under oath or affirmation . . . of net income taxable under the provisions of this act. Such report shall set forth: (a) A true copy of its return to the Federal Government of the annual net income arising or accru-

---

* "(d) Definition of 'affiliated group.' As used in this section an 'affiliated group' means one or more chains of corporations connected through stock ownership with a common parent corporation if—(1) At least 95 per centum of the stock of each of the corporations (except the common parent corporation) is owned directly by one or more of the other corporations; and (2) The common parent corporation owns directly at least 95 per centum of the stock of at least one of the other corporations; and (3) Each of the corporations is either (A) a corporation whose principal business is that of a common carrier by railroad or (B) a corporation the assets of which consist principally of stock in such corporations and which does not itself operate a business other than that of a common carrier by railroad."

ing in the calendar or fiscal year next preceding, or such part or portions of said return, as the department may designate. (b) If no return was filed with the Federal Government, the report made to the department shall show such information as would have been contained in a return to the Federal Government, had one been made, and (c) Such other information as the department may require."

The requirement of a copy of the report made to the Federal Government was doubtless for the information of the Secretary in performing his duties: compare *Com. v. Chambersburg Engineering Co.*, 287 Pa. 54, 134 A. 408. As one of plaintiff corporations owns a majority of the voting shares of the other plaintiff, they are within the provisions of the act authorizing a consolidated return.

The secretary contends that, if the foregoing view be adopted, the act becomes unconstitutional as creating unlawful classification of corporations for purposes of taxation in violation of the uniformity provision of the Constitution, Article IX, sec. 1. The contention is without merit. In reviewing the wisdom of the classification, the court cannot say that the General Assembly acted unreasonably in determining if a domestic corporation owned or controlled another, they might combine their accounts for the purposes of income taxation. The reasonableness of classification is for the legislature in the first instance; unless there is no rational basis for it, the court will not interfere. In *Com. v. Delaware Division Canal Co.*, 123 Pa. 594, 621, 16 A. 584, CLARK, J., said, "Nor is classification necessarily based upon any essential differences in the nature or, indeed, the condition of the various subjects; it may be based as well upon the want of adaptability to the same methods of taxation, or upon the impracticability of applying to the various subjects the same methods, so as to produce just and reasonably uniform results, or it may be based upon well-grounded considerations of public policy."

See also *Com. v. Germania Brewing Co.*, 145 Pa. 83, 22 A. 240; *Com. v. Anderson*, 178 Pa. 171, 175, 35 A. 632. Classification is not necessarily invalid because border-line cases may present situations which, if they stood alone, might constitute argument against the adopted classification. Compare *Dupuy v. Johns*, 261 Pa. 40, 48, 104 A. 565; *Callery's Appeal*, 272 Pa. 255, 116 A. 222.

It need perhaps not be said that settled principles prohibiting the delegation of legislative power (see *Locke's Appeal*, 72 Pa. 491, 494; *O'Neil v. American Fire Ins. Co.*, 166 Pa. 72, 30 A. 943; *Gima v. Hudson Coal Co.*, 310 Pa. 480, 483, et seq., 165 A. 850) prevent the adoption of the Secretary's contention (quoted above from his return to the alternative writ) that the act vests him with absolute power to determine which corporations may file a joint return and which may not. The legislature determined that.

Judgment affirmed.