## City of Johnstown v. Thomas et al., County Commissioners

*John P. Saylor*, for plaintiff.

*George M. Spence*, for defendants.

GREER, J., June 4, 1940.—A bill of complaint was filed by the City of Johnstown against the County Commis-

sioners of Cambria County alleging as to its essential averments that defendants, pursuant to the provisions of the Act of May 29, 1931, P. L. 280, sec. 17, as amended by the Act of June 20, 1939, P. L. 498, sec. 9, have advertised for sale and are about to sell at public sale certain seated lands against which are municipal liens of plaintiff as respects "a great number of the properties so liened under the provisions of the Act of [June 27,] 1913, P. L. 568, its amendments and supplements"; that the county solicitor has advised defendants that the effect of the sales contemplated will be to divest the premises so sold from the municipal liens thus filed for nonpayment of city taxes, and that the consequence of such action will be to work irreparable damage and great loss to plaintiff; that plaintiff verily believes and expects to be able to show that, if the properties are not sold, defendants will be able to dispose of a large number of the properties at private sale for prices greatly in excess of those likely to be obtained by public sale. It further avers that the act aforesaid is unconstitutional in that, if allowed, the liens for taxes aforesaid will be destroyed, and concludes by praying for an injunction against such proposed sale.

To the prayer of this petition a preliminary injunction was granted and has been from time to time continued.

An answer was filed by defendants admitting all the averments except the averment as to constitutionality, which was denied.

### Findings of fact

1. The city has filed a large number of liens for city taxes against certain properties about to be sold by the Commissioners of Cambria County under the provisions of the Act of 1939, supra, sec. 9.

2. The proposed sale, if carried into effect as advertised, will do serious damage and cause the City of Johnstown to suffer great financial loss by reason of divestiture of its liens now held against many of the properties thus advertised.

3. Should the sale as advertised not be held, defendants will be able to sell a large number of the properties thus advertised at private sale for prices or sums greatly in excess of that which will likely be obtained at public sale, to the great benefit and advantage of plaintiff and other tax-levying bodies of the County of Cambria.

## Discussion

Our first topic for consideration is whether or not the Act of 1931, supra, sec. 17, as amended by the Act of 1939, sec. 9, is mandatory in every detail. The section in part reads:

"If the owner of any real property . . . so purchased by the county commissioners, shall not redeem the same . . . the county commissioners shall, within six months after the expiration of such period, sell such lands at public sale or private sale, in the manner provided by law, for the best price or prices obtainable. Any such lands now owned by the county for which the redemption period has expired, shall be sold . . . within six months after the effective date of this act."

We are of opinion that the section quoted is imperative only as to its primary purpose, which is the sale of the property by the county commissioners after the redemption period has expired, and that the time of the sale is directory only.

We are mindful of the canons of interpretation as defined by the Statutory Construction Act of May 28, 1937, P. L. 1019, art. I, sec. 1, and art. IV, secs. 51, 52; and of the interpretation placed thereon by our higher court in the case of Farmers-Kissinger Market House Co., Inc., v. Reading et al., 310 Pa. 493, 498. While the letter of the section is at first blush clear and free from all ambiguity, yet on closer scrutiny we feel that its strict literalness may be disregarded without our being subject to the prohibition against "the pretext of pursuing its spirit." We are further of the opinion that to a statute whose terms are no more express than those of the section under con-

sideration we may apply the maxim, "Qui haeret in littera, haeret in cortice"—he who considers merely the letter in an instrument goes but skin deep in its meaning—in our interpretation of that statute.

In the case of Norwegian Street, 81 Pa. 349, 353, where the question involved was the jurisdiction of the court of quarter sessions to order the opening of a street in the Borough of Pottsville without the approval of council, the Act of April 2, 1872, P. L. 723, relating thereto, containing the words, "and no viewers shall hereafter be appointed by the said court . . . upon any petition which shall not be so approved", Mr. Justice Woodward, speaking for the court, said:

"It contained distinct negative words, and there is a class of cases which hold that whether a statute is to be regarded as directory or not is made to depend upon the employment or failure to employ negative words which import that an act shall be done in a particular manner or time, and not otherwise . . . Perhaps Lord Mansfield's rule in Rex. v. Locksdale, 1 Burr. 447, is a better one, that whether a statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required. Here, in order to confer jurisdiction on the court, the preliminary action of the town council was declared to be essential." See also Apollo Borough v. Clepper, 44 Pa. Superior Ct. 396, 404.

The proper rule or canon of construction for the word "shall" is stated in Commonwealth ex rel. v. Powell, 249 Pa. 144, 150:

" 'It [shall] may be construed to mean "may" when no right or benefit to any one depends on its imperative use; when no advantage is lost, when no right is destroyed, when no benefit is sacrificed, either to the public or to any individual, by giving it that construction, or when it is absolutely necessary to prevent irreparable mischief, or to construe a direction so that it shall not interfere with vested rights, or conflict with the proper exercise of power by either of the fundamental branches of government;

and it also means "may" when used by a legislature in a grant of authority to a court.' In Bladen v. Philadelphia, 60 Pa. 464, Mr. Justice Sharswood said (p. 466) : 'It would not perhaps be easy to lay down any general rule as to when the provisions of a statute are merely directory, and when mandatory or imperative. Where the words are affirmative, and relate to the manner in which power or jurisdiction vested in a public officer or body is to be exercised, and not to the limits of the power or jurisdiction itself, they may and often have been construed to be directory.' "

Applying this rule to the admitted facts we find no right or benefit to anyone depending upon its imperative use; no advantage to be lost; no right to be destroyed; no benefit to be sacrificed either to the public or to any individual by giving it that construction. But on the other hand, we find it to be absolutely necessary to prevent irreparable mischief, to construe it as a direction, so that it shall not interfere with the vested rights of the city or conflict with the proper exercise of power by both of these fundamental branches of Government.

In Deibert, to use, v. Rhodes, 291 Pa. 550, wherein the question involved was the construction of the act of assembly relating to the entering of a judgment which required a certificate setting forth the residence of the creditor, Mr. Justice Walling, speaking for the court, said (p. 554) : " 'When a statute directs certain proceedings to be done in a certain way, or at a certain time, the law will be regarded as directory and the proceedings under it will be held valid, though the command of the statute as to form and time has not been strictly obeyed; the time and manner not being the essence of the thing required to be done'. . . . One provision of a statute may be mandatory and another directory. . . . 'A mandatory provision is one the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not

necessary to the validity of the proceeding' ". See also Commonwealth v. Zillafrow, 207 Pa. 274, 277.

A late construction of the word "shall" by Mr. Justice Lynn in the case of National Transit Co. et al. v. Boardman, etc., 328 Pa. 450, 453, is as follows:

"While the word 'shall' is generally regarded as imperative, in some contexts it is given a permissive meaning. The intended meaning is determined by what is intended by the statute . . . If the thing directed is of the essence of the thing required the statute is mandatory. . .".

Using this yardstick of interpretation, as before stated, we find the essence of the thing required is the sale of the property thus acquired by the commissioners; and this is mandatory. The time and manner and other matters are incidental to its main intent and purpose, and therefore directory.

### Conclusions of law

1. The Act of June 20, 1939, P. L. 498, with particular reference to section 9, is constitutional.

2. The requirement to sell is mandatory.

3. The time, manner, and other matters relating to the sale are incidental to its main intent and purpose, and hence are directory.

4. The discretion to be exercised as to the time of sale on the part of the commissioners must, under all the circumstances, be a reasonable discretion.

### Decree nisi

And now, June 4, 1940, the preliminary injunction heretofore granted is made permanent, and defendants are restrained for a reasonable time from selling at public sale any of the properties advertised against which liens exist, unless sufficient is bidden at such sale to meet the approval of plaintiff, to the end that its rights as a municipality shall not unduly be interfered with.