Commonwealth, Appellant, *v.* Lukenweld, Inc.

Commonwealth, Appellant, *v.* By-Products Steel Corp.

Argued December 4, 1940.   Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*Frank A. Sinon,* Deputy Attorney General, with him *Claude T. Reno,* Attorney General, for appellant.

*Geo. Ross Hull,* with him *Chas. W. Hull,* of *Snyder, Hull, Leiby & Metzger,* for appellees.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, January 6, 1941:

These are appeals from judgments entered in favor of Lukenweld, Inc., and the By-Products Steel Corporation, which determined that there was no liability on either company to pay a corporate net income tax for the fiscal year ending October 31, 1936.

The Lukens Steel Company owned a majority of the voting stock of the two companies. All three are Pennsylvania corporations, subject to tax under the Corporate Net Income Tax Act of May 16, 1935, P. L. 208.

Section 5 of the tax act provides: "The department [of revenue] shall, upon application made to it in such form as it shall prescribe, permit any corporation owning or controlling, directly or indirectly, a majority of the voting capital stock of another corporation or of other corporations, subject to the provisions of this act, to make a consolidated report, showing the combined net income." Section 9 authorizes the department to make rules and regulations. Pursuant to this grant of authority, the department promulgated Regulation 6, effective February 25, 1936, which denied corporations the right to file consolidated reports unless they were also permitted to file such reports with the Federal Government. This limited the class to common carriers and excluded the three corporations here involved. The tax reports of the corporations were due March 15, 1937, and a separate report was filed by each. They showed

a loss in operations of the Lukens Steel Company, the parent corporation, and a profit in the other two, which, however, was not large enough to offset the loss of the parent company. The department settled a tax against the two subsidiary companies and imposed no tax against the parent concern. The rule limiting the right to file joint returns was declared invalid on January 3, 1938, by our decision in *National Transit Co. v. Boardman*, 328 Pa. 450, 197 A. 239. On January 31, 1938, the department took notice of this decision, but issued new regulations which limited the right to file consolidated reports to those cases where "the taxpayer had, prior to the date upon which such reports were required to be filed, requested permission to file upon a consolidated basis."

On April 25, 1938, the Lukens Company filed a consolidated return for the fiscal year ending October 31, 1936. This the department ignored because no request to file it was made on or before the due date, March 15, 1937. The two subsidiaries against which a tax had been settled presented petitions for resettlement, which were refused. They appealed to the Dauphin County Court, which held them not liable.

The Commonwealth contends that, as neither the parent corporation nor the subsidiaries applied for the right to file a consolidated return before the due date thereof, the right to file on a consolidated basis was lost. The court below properly held that they were not precluded from the right to file a consolidated return, that if the parent corporation had filed a consolidated return or had requested permission to do so, it would have been refused, because Regulation 6 was in existence at the time, which prevented a consolidated return, saying that the companies cannot be penalized for not doing what the department would not permit them to do. The court was right. The appellees cannot be required to do a vain thing or be penalized for not doing it: *Com. v. Wyoming Valley Canal Co.*, 50 Pa. 410; *Arlotte v. Nat. Lib-*

*erty Ins. Co.,* 312 Pa. 442, 167 A. 295; *Nanty-Glo Borough v. American Surety Co.,* 316 Pa. 408, 175 A. 536; *Amrovcik v. Metropolitan Life Ins. Co.,* 119 Pa. Superior Ct. 176, 180 A. 727.

The Commonwealth further contends that the Corporate Net Income Tax Act extends the right to file consolidated reports only to parent corporations and that the appellees as subsidiary organizations have no right to file such reports,—that the right of the parent corporation to file a consolidated return cannot be determined in an appeal taken by the subsidiaries. But the parent corporation did file such a report, claiming no tax due by it or its subsidiaries after the decision in the National Transit case established such right. This was ignored with the result that the subsidiaries were saddled with a tax they do not owe. Under sections 1102, 1103 and 1104 of the Fiscal Code of April 9, 1929, P. L. 343, 72 PS Secs. 1102-1104, the party against which a tax settlement had been made may petition for resettlement and any party "aggrieved" may appeal to the court. Here, the two subsidiaries, contending as they do that the tax was improperly imposed upon them are "aggrieved" and have the right to appeal, on the ground that the consolidated return filed by the parent corporation shows that no tax was due upon the combined net incomes of the three companies.

Judgments affirmed.