# Norwegian Street.

1. The policy of the legislation of Pennsylvania relating to boroughs is to subject the highways in them to the control of their municipal authorities as exclusively as is consistent with the duty of affording protection to citizens.

2. The general borough laws indicate the legislative intent to secure uniformity of plan and adequate municipal supervision in the establishment and maintenance of borough highways.

3. By the Act of April 2d 1872, all petitions for viewers to lay out, &c., any street, &c., in Pottsville, "shall be first submitted to the town council for approval, and no viewers shall be appointed by any court upon any petition which shall not be so approved." An order for viewers to widen a street was issued by the Court of Quarter Sessions without such approval; notice of the time, &c., of the view was accepted by the president of the town council. *Held*, the court had no authority to issue the order.

4. The acceptance of the notice by the president was not a waiver of the privilege of the council to approve the petition before its presentation to the court.

5. The council could not waive the duty imposed by the Act of 1872; they were bound to exercise their judgment in deciding upon the propriety of the contemplated change.

. 6. The approval of the council was a condition precedent to the appointment of viewers, and until their decision was made known, citizens could not intervene nor the court act.

7. The Act of 1872 contained distinct negative words and was therefore mandatory.

8. Whether a statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required.

9. Where in the courts the authority to proceed is conferred by statute and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory and must be strictly complied with.

10. The rule in the Act of 1872 takes the place of all antecedent provisions as to the streets in Pottsville, and is the measure of the power and duty of both council and court.

March 9th 1876. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Certiorari to the Court of Quarter Sessions of *Schuylkill county*: No. 160, to July Term 1875: At the instance of Schuylkill county: In the matter of the widening of Norwegian street, in Pottsville.

On the 4th of May 1874, a number of citizens of Schuylkill county petitioned the Court of Quarter Sessions of .that county for

[Norwegian Street.]

the appointment of viewers to "report upon the necessity of widening" Norwegian street between Sixth and Wood streets.

By the Act of 2d day of April 1872, Pamph. L. 723, "all petitions to the Court of Quarter Sessions of Schuylkill county, for the appointment of viewers to lay out or vacate any street, alley or lane in the borough of Pottsville, shall be first submitted to the town council of the said borough of Pottsville, for approval; and no viewers shall hereafter be appointed by the said court, or by any court, upon any petition which shall not be so approved by the said town council of the borough of Pottsville. All acts or parts of acts inconsistent with this act are hereby repealed."

There was no evidence that the petition had been submitted to the town council of Pottsville and approved by them.

The court appointed viewers, in accordance with the prayer of the petition.

The order required the viewers to give public notice by three or more advertisements, put up at least ten days before the time of meeting, in the vicinity of the place to be viewed, &c. Notice was given by advertisements, in accordance with the order, and a copy of the notice was served on the supervisor, town clerk, auditors and president of the town council of the borough of Pottsville. All these officers acknowledged, in writing on the notice, their acceptance of service.

The viewers reported that they had widened Norwegian street between the points designated, to the width of thirty-seven feet six inches. They also assessed damages to a very large number of property owners along the line of the street. The damages amounted in the aggregate to $11,740. The report was filed June 22d 1874, and confirmed nisi June 23d 1874.

Exceptions were filed August 18th 1874, by F. W. Bechtel, solicitor for the county commissioners, three of which were:—

1. The petition praying for the appointment of viewers was not presented to the town council for approval.

2. The Court of Quarter Sessions has no jurisdiction to appoint viewers to lay out streets in the borough of Pottsville.

4. The court failed to fix the width of the proposed road at the time of confirming the report of the viewers nisi.

On the 27th of March 1875, Walker, J., delivered the opinion of the Court of Quarter Sessions on the exceptions, saying, amongst other things, on the first exception,

* * * " The Act of 2d April 1872 requires the petition for viewers to be first presented to the town council for their approval. Whether this was done does not appear in evidence; but the record shows that notice of the time and place of the meeting of the viewers was served more than ten days previously upon the town council, supervisor, town clerk and auditors of the borough, and accepted in writing by them. This acceptance of the notice may

be considered as a waiver of their privilege to approve first of the petition, especially as they appear before us through their solicitor, and ask for the confirmation of the report. Their objection, therefore, does not lie in the mouth of a stranger to make." * * *

And as to the 4th exception he said,

" The remaining exception is, that the width of the street was not fixed by the court.

" This is an irregularity which will prevent the final confirmation .of the report, unless another term (after the width is directed) be given to file exceptions or ask for a review. This report cannot now be confirmed, for it would be error, and if removed into the Supreme Court, that court would remand the record to us to fix the width and allow the time until the next term to file exceptions or ask for a review.

" The exceptions are therefore overruled, and the following order is made :—

" And now, March 22d 1875, the exceptions filed in this case are overruled, and the court direct the breadth of Norwegian street to be thirty-seven feet and six inches from Sixth street to Twelfth street, in the borough of Pottsville, and approve of the same, and the assessment of the damages.

" And the court do further order and direct that these proceedings be not entered of record, nor the street (of the width aforesaid) be taken, deemed or allowed, to be a public highway, until the next term of the court hereafter, in order to allow time to any one aggrieved to file exceptions to the confirmation of this report, or to ask for a review, under the provisions of the Acts of Assembly relative thereto."

On the 3d of May 1875 the county commissioners filed the following exception :—

The damages are excessive, and the public interests will not be subserved by the confirmation of the report, and the payment of the damages.

August 2d 1875, " The court confirm the report of viewers absolutely, and direct an order to issue to the supervisor of the borough of Pottsville, for the opening of said street, according to said report."

The errors assigned by Schuylkill county in the Supreme Court were that the Court of Quarter Sessions overruled the exceptions, and made the order of August 2d 1875.

*F. P. Dewees* and *G. E. Farquhar* (with whom were *F. W. Bechtel* and *F. W. Hughes*), for certiorari.—The Act of 1872, *supra,* is prohibitory. A clause is directory when the provisions contain mere direction and no more, but not so when they are followed by words of positive prohibition : Bladen *v.* Philadelphia, 10 P. F. Smith 466. The appointment of viewers in this case was not sim-

ply an irregularity; the terms of the act not being complied with, the appointment was absolutely void. It was not a *privilege* given to the town council to approve of the petition; it is a pre-requisite necessary for the petitioners to obtain, and without which the court are powerless and without jurisdiction to act upon the petition at all. A notice of unauthorized and prohibited proceedings by the court, served upon the president of council, town clerk, supervisor and borough auditors, cannot operate as a waiver of duties imposed by Act of Assembly: Angell and Ames on Corporations 232, and cases cited. The county of Schuylkill is not a stranger. The report of viewers was confirmed, and the county is bound to pay in the neighborhood of $12,000 damages. Any resident of Schuylkill county could properly be an exceptant. When illegality in the opening of a public road is brought to the notice of the court, even by one who has no equity, they will correct the error: Appleby Manor Road, 1 Grant 443.

*B. B. McCool,* contrà.

Mr. Justice WOODWARD delivered the opinion of the court, March 20th 1876.

It has been the policy of all the recent legislation relating to the boroughs of the Commonwealth, to subject the highways within their limits to the control of the municipal authorities as exclusively as was consistent with the duty of affording protection to the interests of individual citizens. By the 9th section of the Act of the 1st of April 1834, it was made the duty of the burgesses elected and qualified under the provisions of the act, " to cause to be opened all streets, lanes or alleys laid out by order of the proper court." By the general borough act of the 3d of April 1851, the corporate authorities were empowered to survey and lay out necessary roads, streets, lanes, alleys, courts and common sewers; to provide for widening and straightening them; to prohibit the erection of any obstructions to such opening, widening and straightening, and to their convenient use; to regulate the roads, streets, lanes, alleys, courts, common sewers, public squares, common grounds, foot-walks, pavements, gutters, culverts and drains, and the heights, grades, widths, slopes and forms thereof; to require and direct the grading, curbing, paving and guttering of the side or foot-walks by the owners fronting on them, and to cause the work to be done on the failure of the owners to do it, with power to collect the cost of the work and materials, as claims are by law recoverable under the provisions of the acts relative to mechanics' liens. A supplement to the statute regulating boroughs was passed on the 22d of April 1856, which provided for the opening of streets and alleys in any borough subject to that statute, by proceedings in the court of quarter sessions of the proper

[Norwegian Street.]

county, upon the petition of the burgess and town council; and this.has been the exclusive form pursued since the enactment of the supplement.

The borough of Pottsville has not been made subject to the general borough laws; but the provisions quoted from the several statutes referred to indicate the general legislative intent to secure uniformity of plan and adequate municipal supervision in the establishment and maintenance of borough highways.    Such an intent was manifested in the Act of the 22d of April 1856 (Pamph. L. 509), which authorized the town council of Pottsville, on the petition of citizens interested, to lay out and open all streets which the public convenience required.    The Act of the 2d of April 1872, "relating to the opening and vacating of streets in the borough of Pottsville," is to be read and construed in the light of the intent thus shown.    It declares that " all petitions to the Court of Quarter Sessions of Schuylkill county for the appointment of viewers to lay out or vacate any street, alley or lane in the borough of Pottsville, shall be first submitted to the town council for approval, and no viewers shall hereafter be appointed by the said court, or any court, upon any petition which shall not be so approved." The petition for the appointment of viewers to report upon the expediency of widening Norwegian street was not approved by the town council, nor presented for their approval.    Notice of the meeting of the viewers was served on the president of the council, the town clerk, the supervisor and the borough auditors, and accepted by them.    This was deemed a sufficient compliance with the requirements of the statute by the court below, the acceptance of the notice being regarded as a waiver of their privilege to approve the petition before its presentation to the court.

The language of the Act of 1872 was designed to have a larger scope than to confer a mere privilege on the town council, of which they could take advantage, or which they could waive at their option.    Like the general borough laws, this act sought to secure uniformity and symmetry of system in opening and improving the highways of the borough.    It imposed a duty upon the municipal officers the responsibility for the discharge of which they could not evade.    They were bound to exercise their judgment in deciding on the propriety of the contemplated change. And until the result of their deliberations was made known, private citizens could not intervene, and the hands of the court were stayed.    The approval of the council was a condition precedent to the appointment of viewers.    Under any of the accepted rules for the construction of statutes, this act was mandatory.    It contained distinct negative words, and there is a class of cases which hold that whether a statute is to be regarded as directory or not is made to depend upon the employment or failure to employ negative words which import that an act shall be done in a particular·

31 P. F. SMITH—23

[Norwegian Street.]

manner or time, and not otherwise: Slayton *v.* Hulings, 7 Ind. 144; King *v.* Inhabitants of St. Gregory, 2 Ad. & El. 99; Bladen *v.* Philadelphia, 10 P. F. Smith 466. Perhaps Lord Mansfield's rule in Rex *v.* Locksdale, 1 Burr. 447, is a better one, that whether a statute is mandatory or not depends on whether the thing directed to be done *is* of the essence of the thing required. Here, in order to confer jurisdiction on the court, the preliminary action of the town council was declared to be essential. There is another principle which is decisive in its application. In all cases in the courts where the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceeding will be utterly void: Dwarris on Statutes (Potter's note) 29, and the cases there cited. The rule prescribed by the Act of 1872 has taken the place of all antecedent provisions regulating the streets of Pottsville, and this rule is the measure of the power and the duty of the council and the court alike.

A distinction was suggested on the argument between a proceeding to "lay out or vacate" and a proceeding to "widen" a street. Very judiciously, however, the suggestion was not pressed.

As the failure to present the petition for the appointment of the viewers to the town council was fatal to the whole proceeding, a consideration of the remaining assignments of error would be merely an abstract inquiry.

Damages to the extent of $12,000 were imposed by the viewers on the county, and this appeal was taken on her behalf. With an interest so significant as this involved, there would be lamentable inefficacy in a legal system under which a doubt of her right to intervene as a party could be seriously entertained.

The order of the Court of Quarter Sessions confirming the report of viewers is reversed, the proceedings are quashed, and the petition is dismissed.