## Commonwealth v. Ed. D. Schwem Co., Appellant.

*Liquor law—Selling without a license—Reversal of grant of license—Criminal law.*

Where an order granting a liquor license has been reversed on appeal, the licensee cannot be convicted of selling liquor without a license during the period between the date of the order granting the license, and the date of the reversal of the order; and this is the case although exceptions had been filed to the granting of the license on the ground that the notice had not been properly published, and the court below had expressed some doubt on the subject, although deciding that there had been a substantial compliance with the law.

Argued Nov. 12, 1917.  Appeal, No. 323, Oct. T., 1917, by defendant, from judgment of Q. S. Clearfield Co., May T., 1917, No. 40, on verdict of guilty in case of Commonwealth v. Ed. D. Schwem Company.  Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.  Reversed.

Assignment of Error—Opinion of the Court. [69 Pa. Superior Ct.

Indictment for selling liquor without a license. Before WHITEHEAD, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in giving binding instructions for defendant.

*W. C. Miller,* with him *H. B. Hartswick,* for appellant. —The order granting the license cannot be attacked in this proceeding: Browarsky's Est., 252 Pa. 35; Harris v. Mercur, 202 Pa. 313.

A license which is void on its face, as from an evident want of authority to issue it, or where it is affirmatively shown to have been issued without compliance with the statutory requisites is no protection from criminal prosecution: Com. v. Wenzel, 24 Pa. Superior Ct. 467; Com. v. Krotzer, 55 Pa. Superior Ct. 351.

The want of jurisdiction appearing upon the record it could be taken advantage of at any time and in any court where the matter was the subject of judicial inquiry: Wall v. Wall, 123 Pa. 545-553; Caldwell v. Walters, 18 Pa. 79-85; Pantall v. Dickey, 123 Pa. 431.

OPINION BY TREXLER, J., March 2, 1918:

In January, 1916, the Schwem Company applied for a wholesale liquor license. Exceptions were filed to the granting of the license on the ground that the notice had not been properly published. The court expressed some doubt as to the subject but decided that there had been a substantial compliance with the law and on April 24, 1916, granted the license. The remonstrants took an appeal to this court and on March 7, 1917, the decree of the lower court was reversed: Schwem's License, 66 Pa. Superior Ct. 280. The appellant was then prosecuted for selling liquor without a license and the trial judge instructed the jury that the holding of the license at the time the sales were made did not constitute a valid defense; that this court having declared the license void

by reason of the lack of proper advertisement, the defendant never had any authority to sell liquors and was therefore guilty of the offense charged.

The appellee relies upon a number of cases of which Norwegian Street, 81 Pa. 349, is one, in which it is said, "In all cases in the courts where authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceedings will be utterly void." These words have been quoted in a number of our cases, the last being the case of Schwem's License above referred to. If we take the words "utterly void" in their absolute sense, we would be compelled to sustain the action of the lower court in the conviction of the appellant, but as was said in Pearsoll v. Chapin, 44 Pa. 9, the terms "void" and "voidable" are used as expressions of similar import. The use of the terms is discussed at some length in that case and numerous examples are given showing that the words are used in statutes and decisions without any exact limitations. There is no doubt that the necessary prerequisites set out in the statute regulating the sale of intoxicating liquors must be present before a license can lawfully be granted. This is however true only in a sense. The license is presumed to be lawfully granted, and although there have been irregularities in the preliminary steps taken to secure it, if the license be regular on its face the inference follows that the conditions set by law have been complied with until the contrary appears in an issue directly raised to decide the question. The license bears upon it the seal of the court. It is a decree of a tribunal whose province it is to grant the privilege of selling liquors. When it is found that the essential notice or other prerequisite is wanting, this court must declare the license void, but until such decision is made the license exists. In illustration of this we quote from Pearsoll v. Chapin, supra, "The statute Henry 6, c. 10, makes certain forms of outlawry void, yet

they can be annulled only by writ of error; and another makes certain obligations, not taken in a prescribed manner, void, yet they must be avoided by plea: 3 Co. 59 b. This means that even nullities may be only voidable in the sense that a regular adjudication is necessary to declare them void." The fact remains that to all intents and purposes the appellant had the legal authority given by the court to exercise certain privileges and this right upon its face was duly and lawfully given. Had there been no exception filed to the granting of the license, the production of it would have been a complete defense to the charge of selling liquor without it. There being no apparent defect the decree of the court could not be attacked collaterally. We would be slow in declaring an act a crime, the doing of which is authorized by the court. The argument advanced that the lower court was in doubt as to the advisability of granting the license and so informed the appellant did not affect the question. Was the applicant required to substitute its judgment for that of the court and after the court decided that the advertisement was sufficient conclude that the court was wrong and refrain from using the privilege for which it had paid the fee required, or be penalized for the confidence it reposed in the court? When conclusions result in manifest injustice we should not adopt them. We are not dealing with a question of contract, and of parties thereto, but of the particular status of the defendant in his relation to the State. It is a question which were the defendant a natural person would not only affect his property but his personal liberty as well.

The cases in other states on the question before us are not all in harmony but the weight of the authorities seems to be on the side we have taken. In 23 Cyc. 110 the law is stated as follows, "A license which appears on its face to have been regularly and duly issued cannot be impeached collaterally, as, in an action on the bond, or a prosecution for illegal selling, on the ground that it was improperly granted. So long as it remains unre-

voked and not appealed from, it must be regarded as a valid license." We may add that the appeal in the Schwem License case supra did not operate as a supersedeas.

The judgment of the lower court is reversed, and the defendant is discharged.