## Com. ex rel. Insurance Commissioner v. Jefferson Ins. Co.

*Insurance—Insurance companies—Liquidation—Compromise of claims—Powers of the Insurance Commissioner—Approval by the court—Act of June 1, 1911.*

1. The Act of June 1, 1911, P. L. 599, relating to the liquidation of insolvent or delinquent insurance companies, confers full power upon the Insurance Commissioner to liquidate all claims.

2. No authority is given the courts to approve or disapprove the action of the statutory liquidator.

3. The Insurance Commissioner needs no order of court to approve a proposed composition settlement, nor does the court have power to make such an order. The statutory power to liquidate includes the power to settle all claims, either in full or in part, as appears best.

Petition for order authorizing statutory liquidator to compromise a claim. C. P. Dauphin Co., Commonwealth Docket, 1921, No. 4.

*George E. Alter,* Attorney-General, and *Frank M. Hunter,* Deputy Attorney-General, for petitioner.

Fox, J., May 1, 1922.—On Feb. 16, 1921, this court, upon hearing and due consideration of a rule granted, made an order and decree that the defendant company be then dissolved, its corporate existence be then ended and the liquidation of its business be made by and under the direction of the Insurance Commissioner of the Commonwealth of Pennsylvania, in accordance with the terms and under the provisions of the Act of Assembly of June 1, 1911, P. L. 599.

The 3rd section of the act referred to provides as follows: "If, on a like application and order to show cause and after a full hearing, the court shall order the liquidation of the business of such corporation, such liquidation shall be made by and under the direction of the Insurance Commissioner, who shall be vested by operation of law with title to all of the property, contracts and rights of action of such corporation as of the date of the order so directing him to liquidate. The filing or recording of such order in any record office of the State shall impart the same notice that a deed, bill of sale or other evidence of title duly filed or recorded by such corporation would have imparted. The order of liquidation shall, unless otherwise directed by the court, provide that the dissolution of the corporation shall take effect upon the entry of such order in the office of the clerk of the county wherein such corporation had its principal office for the transaction of business."

The meaning of liquidate as given in Black's Dictionary (2nd ed.) is: "To adjust or settle an indebtedness; to determine an amount to be paid; to clear up an account and ascertain the balance; to fix the amount required to satisfy a judgment; to clear away; to lessen; to pay. To liquidate a balance means to pay it."

The provision in the act is that the liquidation shall be made by and under the direction of the Insurance Commissioner. The language is plain; he alone is vested with the power and duty to liquidate the claims of all creditors as well as the claims of the defendant company against debtors, either in full or in part, as to him appears wise and best under the circumstances.

The authority of the court is limited and does not extend to the details of liquidation; it is not authorized to interpose an approval or disapproval of the action of the statutory liquidator. The court can do only what the statutes authorize it to do, and the supervision of liquidation is not conferred upon it.

In the cases of Norwegian Street, 81 Pa. 349, and Harris *v.* Mercur, 202 Pa. 313, the Supreme Court said: "In all cases in the court where the

2 D. & C.

authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding therein prescribed is mandatory and must be strictly complied with."

For these reasons, the petitioner needs no such order of the court as prayed for, nor does the court have any power to make it.

Wherefore, the order is refused and the petition is dismissed.

From William Jenkins Wilcox, Harrisburg, Pa.