## Deibert, to use, Appellant, *v.* Rhodes.

*Judgment—Entry of judgment—Striking off—Confession of judgment—Residence of plaintiff—Certificate—Mandatory and directory provisions of statute—Acts of February 24, 1806, Sm. L., and March 31, 1915, P. L. 39.*

1. The Act of March 31, 1915, P. L. 39, providing that the prothonotary shall not enter judgment unless there is produced

to him a certificate signed by the creditor or his agent, setting forth the residence of the creditor and directing such certificate to be filed at the same term and number as the judgment, is sufficiently complied with where the creditor gives his address to the prothonotary, and the latter endorses it on the back of the note, and also on the face of the record.

2. The essence of the thing to be accomplished by the act of 1915, is the placing on record with a judgment the precise address of the plaintiff as notice to the taxing authorities, and this may be treated as mandatory; while the exact manner in which it will appear may be regarded as a matter of form and construed as directory.

3. Whether a statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required.

4. The Act of February 24, 1806, authorizing the entry of a judgment without the assistance of an attorney, should not be stricken down by too liberal a construction of the Act of March 31, 1915, P. L. 39.

5. As the Act of 1915 makes no requirement as to who the agent of the creditors shall be, the creditor may appoint the prothonotary to be his agent in recording his residence.

6. It seems that the prothonotary might in a proper case be liable for any damages resulting from his failure to comply with the statute.

Argued December 5, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 31, Jan. T., 1927, by plaintiff, from judgment of Superior Court, Feb. T., 1927, No. 17, affirming judgment of C. P. Columbia Co., Feb. T., 1925, No. 49, in case of William F. Deibert now to use of the Allentown National Bank v. J. H. Rhodes. Reversed.

Appeal from judgment of Superior Court.

The opinion of the Supreme Court states the facts.

The Superior Court affirmed the lower court judgment.

*Error assigned* was judgment of Superior Court, quoting record.

*R. J. Butz*, of *Butz & Rupp*, for appellant.—Even if the Act of March 31, 1915, be construed as mandatory

there was substantial compliance therewith: General Finance Co. v. Wasilowski, 5 Pa. D. & C. 274.

The provisions of section 1 of the act under consideration are merely directory: Com. v. Griest, 196 Pa. 396; Coolbaugh v. Herman, 221 Pa. 496; Apollo Boro. v. Clepper, 44 Pa. Superior Ct. 396; McQuiston's Adoption, 238 Pa. 304; Cowan's Est., 184 Pa. 339; Com. v. Zillafrow, 207 Pa. 277.

In the present case, the entry of the judgment did not contravene any rights of defendant even though the letter of the Act of March 31, 1915, was not followed: Norwegian Street, 81 Pa. 349; Cramer's Election, 248 Pa. 208.

*E. J. Mullen,* for appellee, cited; Oberlin v. Parry, 287 Pa. 224; Whitney v. Hopkins, 135 Pa. 246; Melnick v. Hamilton, 87 Pa. Superior Ct. 575; Com. v. Conrad, 1 Rawle, 249; Bladen v. Phila., 60 Pa. 464; Norwegian Street, 81 Pa. 349; St. Bartholomew's Church v. Wood, 61 Pa. 96.

OPINION BY MR. JUSTICE WALLING, January 3, 1928:

This appeal involves the construction of the Act of March 31, 1915, P. L. 39, entitled, "An act relative to judgments, and prescribing the duties of prothonotaries in connection therewith," which reads as follows, viz.: "Section 1. Be it enacted, etc., That the prothonotary of each county is hereby directed not to enter any judgment unless the judgment creditor, or his duly authorized attorney or agent, produces to the prothonotary a certificate signed by the judgment creditor, or by his duly authorized attorney or agent, setting forth the precise residence address of the said creditor. The certificate shall be filed at the same number and term as the judgment.

"Section 2. The prothonotary shall monthly prepare, and deliver to the county authorities who assess property for county tax purposes, a list of all judgments

entered during the preceding month, with the names and residence addresses of the respective judgment creditors and the amount of the respective judgments.

"Section 3. All acts and parts of acts inconsistent with or supplied by this act are repealed."

In the instant case plaintiff, holding defendant's judgment note, took it to the office of the prothonotary of Columbia County, on December 13, 1924, to have judgment entered thereon. He stated his precise residence address to the deputy prothonotary, who indorsed it on the back of the note, viz.: "Plff's residence is Allentown, Pa., No. 1505 Liberty Street." Judgment was then entered of record as follows: "Whereupon same day, judgment is entered for the plaintiff and against the defendant for $500.00, by Jackson Rhodes, Prothonotary. Plaintiff's residence is 1505 Liberty Street, Allentown, Pa."

On defendant's petition, the court of common pleas struck off the judgment because of noncompliance with the act above quoted. The Superior Court, by a majority decision, affirmed the decree of the trial court (91 Pa. Superior Ct. 23), and, on plaintiff's application, we allowed this appeal.

In our opinion, striking off the judgment was error. Considering the act as a whole, its sole object was to afford reliable record information to the taxing authorities and that was fully accomplished here. In fact, endorsing the required information on the back of the note and also on the face of the record placed it in the most convenient and permanent form possible. Holding that, in addition, plaintiff's certificate must be filed on a separate slip, is requiring a too literal compliance with the statute. The act permits an agent to make the certificate and in recording the information plaintiff gave as to his residence, the prothonotary and his deputy were acting as agents for him in doing what he had at least impliedly authorized them to do. The statute makes no requirement as to who the agent shall be or

how he shall be authorized and excludes no one from acting as such.

The essence of the thing to be accomplished by this statute is the placing upon record with the judgment the precise residence address of the plaintiff, and this may well be treated as mandatory; while the exact manner in which it shall appear may be regarded as a matter of form and construed as directory. The true test is, as stated by Lord MANSFIELD in Rex v. Locksdale, 1 Burr 447, viz.: "That whether a statute is mandatory or not depends on whether the thing directed to be done is of the essence of the thing required," quoted with approval in Norwegian Street, 81 Pa. 349, 354, also in Apollo Boro. v. Clepper, 44 Pa. Superior Ct. 396, 403: see also Com. v. Zillafrow, 207 Pa. 274, 277, and cases cited. The negative mandatory words in the Act of 1915 are directed against the entry of judgment until plaintiff's precise residence address is definitely set out; but the manner of setting it out, while stated, is not the essence of the requirement and is therefore directory. "Whether a particular statute is mandatory or directory does not depend upon its form, but upon the intention of the legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other": 36 Cyc. 1157; quoted with approval in McQuiston's Adoption, 238 Pa. 304, 308. "When a statute directs certain proceedings to be done in a certain way, or at a certain time, the law will be regarded as directory and the proceedings under it will be held valid, though the command of the statute as to form and time has not been strictly obeyed; the time and manner not being the essence of the thing required to be done": Coolbaugh v. Herman, 221 Pa. 496; and see Cowan's Est., 184 Pa. 339. One provision of a statute may be mandatory and another directory. "Statutes, or particular provisions of statutes, may be either mandatory or directory. A mandatory provision is one

the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one the observance of which is not necessary to the validity of the proceeding": 25 R. C. L. 766.

Were we to give the language in the instant case a literal construction a statement setting forth a plaintiff's precise residence address, written and signed by him on the face of the judgment record would not be a certificate produced to the prothonotary and filed in the same number and term as the judgment. In adhering too closely to the letter we may overlook the substance. Under the Act of February 24, 1806, Purdon's Digest (13th ed.), vol. 2, p. 2036, the holder of a judgment note, or other obligation, where there is certainty as to the amount thereof, with warrant of attorney to confess judgment, may take the same to the prothonotary, whose duty it is to enter judgment thereon without requiring the assistance of an attorney. This statute is simple and for more than a century has been in constant use. If now he must at his peril prepare and file a certificate complying literally with the Act of 1915, he will as a rule require legal assistance and the intent of the original act will be frustrated. We are familiar with the rule that the power to confess judgment, being in derogation of the common law, must be strictly construed (Oberlin v. Parry, 287 Pa. 224, 228, and cases cited, and see Romberger, to use, v. Romberger et al., 290 Pa. 454), but the power to confess judgment is conferred by the above cited Act of 1806 and should not be stricken down by too literal a construction of the Act of 1915. The later act, as its title indicates, aims to impose upon prothonotaries the duty of compliance with its provisions and they have in some counties prepared blank certificates for plaintiffs to sign, giving the required information. Unfortunately, this was not done in Columbia County, but where, as here, the required information appears upon the record it is not necessary to punish innocent plaintiffs because of

the officer's neglect, more especially where no possible harm has resulted. The Act of 1915 imposes no penalty for its violation and we are not required to impose one so drastic, when there has been a substantial compliance therewith. Of course, the prothonotary might, in a proper case, be liable for any damage resulting from his failure to comply with the statute.

The decree of the Superior Court and the order of the court of common pleas, which it affirms, are reversed and the judgment is reinstated.