## Valentour et al. v. Gregory.

*Witherspoon & Devore* for plaintiffs; *Donnan & Miller,* for defendant.

CUMMINS, J., Feb. 10, 1928.—On Feb. 21, 1927, plaintiffs, August Valentour and Mary C. Valentour, entered into a written agreement with defendant,

Constantine Gregory, wherein plaintiffs agreed to sell to defendant certain real estate situate in the City of Monongahela, Washington County, Pennsylvania, and for which defendant agreed to pay plaintiffs the sum of $25,000 in the following manner, to wit, $500 upon the signing of the agreement, and at the same time to execute and deliver to plaintiffs judgment notes aggregating $10,000, payable one year from March 1, 1927, and further payment of $500, beginning one month from the date thereof, and thereafter monthly until twelve consecutive monthly payments of $500 each had been paid, and defendant agreed to assume and pay the mortgage on said premises in the sum of $25,000, held by the Monongahela City Trust Company.

It was further understood and agreed between plaintiffs and defendant that in case of default of payment of any sum of principal or interest so agreed to be paid for the space of sixty days after same became due and payable, then the whole of said principal sum would, at the option of plaintiffs, forthwith become due and payable, and that in such case of default defendant authorized and empowered any attorney of any court of record in the State of Pennsylvania to appear for him and confess judgment against him for the whole principal sum and interest remaining unpaid thereon, with 5 per cent. attorney's commission or fees, waiving all right of exemption and inquisition or extension and condemnation, so far as the premises agreed to be sold were concerned.

On July 9, 1927, defendant was in default for more than sixty days in the payment of several instalments of said principal debt due and payable under said article of agreement; and plaintiffs, pursuant to the said power of attorney so contained therein, elected to treat the whole of the remaining indebtedness and interest accrued thereon as due and payable forthwith, and accordingly caused to be confessed against defendant a judgment therefor at above number and term, and later caused to be issued thereon an execution.

The execution defendant, on Sept. 30, 1927, secured a rule upon plaintiffs to show cause why the judgment so entered should not be stricken from the record for the following reasons: First, that no statement of claim or declaration was filed by plaintiffs showing defendant's default or the amount thereof; and, second, that there was not produced to the prothonotary a certificate signed by the judgment creditors, or their attorney or agent, setting forth the residence address of the plaintiff creditors, as required by the provisions of the Act of March 31, 1915, P. L. 39.

Plaintiffs' answer to defendant's rule admits failure to file a former creditors' residence certificate, but alleges a substantial compliance with the provisions of the Act of March 31, 1915, and admits that no statement or declaration was filed at the time of the confession of judgment showing defendant's default, and asks for leave to file both *nunc pro tunc.*

The power of attorney itself, pursuant whereof this judgment was confessed, did not require as a condition precedent thereto the filing of an affidavit of default; hence, none was required: Spiese *v.* Shee, 250 Pa. 399. True enough, section 3 of Rule 23 (page 54) of our court rules provides that "no judgment by confession shall be entered in any amicable action unless there be filed a specific statement of the cause of action signed by the parties or their attorneys;" but the entry of judgment without such affidavit or statement of default does not in any case render such judgment void, but only voidable; and such defect may always be cured by the filing of such default statement or affidavit *nunc pro tunc:* Fox v. Boorse, 81 Pa. Superior Ct. 211, 213. And see Dickinson Township Road, 23 Pa. Superior Ct. 34; Woods *v.* Woods, 126 Pa. 396.

As to the certificate of the creditors' residence required by the Act of March 31, 1915, we are convinced that Deibert *v.* Rhodes, 91 Pa. Superior Ct. 23, does not rule this case, for in that case there was "a total failure to comply with the provisions of the act," while in the instant case there was at least a complete substantial compliance therewith; plaintiffs not only attempted to fill out a formal certificate, which, through an error, proved abortive, but they also attached thereto and produced to the prothonotary the written instrument itself authorizing the confession of judgment, signed by the judgment creditors themselves, wherein is set forth fully and distinctly the precise residence address of said creditors, which same was filed at the same number and term as the judgment. This was such a compliance with the act as prevents the judgment from being stricken off: General Finance Co. *v.* Wasilowski, 5 D. & C. 274, 275.

If there had been no substantial compliance with the Act of March 31, 1915, under the rule of *stare decisis*, we would, of course, be obliged to follow Deibert *v.* Rhodes as ruling this case, although we feel that the conclusion therein reached by the majority of the court is unsound. We are inclined to believe that by the term "enter any judgment," as used in the phrase "that the prothonotary . . . is hereby directed not to enter any judgment, . . ." the legislature did not refer to the exercise by the prothonotary of the authority vested in him by the Act of Feb. 24, 1806, 4 Sm. Laws, 278, but only to the ministerial act of indexing and making the docket entries of judgments either already confessed or ripe to be entered on verdicts rendered; otherwise the Act of March 31, 1915, would not include judgments entered on verdicts or confessed by attorneys, as to which the entries made by the prothonotary are purely of a ministerial character; and yet the very purpose of this legislation was to effect a delivery to the county commissioners of a complete list of all judgments for the purpose of taxation. A judgment entered upon a verdict, where no certificate of residence has been filed, might be voidable, but certainly not void. The securement and filing of this certificate then is for a collateral purpose and is no part of the judgment itself; hence, no defect therein ought to vitiate the judgment itself. In connection with judgments already confessed, the act requires of the prothonotary the discharge of certain additional ministerial acts to aid in the levying of taxes, but for the prothonotary's failure to discharge the duty imposed, no penalty is imposed by the act on the judgment creditor. But whether correct in these conclusions or not is immaterial, for in the case at bar there has been a complete substantial performance of the requirements of the act. While we have concluded, therefore, to discharge defendant's rule to strike off, yet the necessity for this rule resulted from the existence of defects for which plaintiffs alone were responsible; it would, therefore, be inequitable to place upon the defendant the costs incident to this proceeding to strike off.

### Decree.

And now, to wit, Feb. 10, 1928, plaintiffs' statement of default and certificate of judgment creditors' residence is directed to be filed *nunc pro tunc* as of the date of the entry of said judgment, and defendant's petition to strike off is discharged, upon payment of the costs of said petition to strike off by the plaintiffs.

NOTE.—Since the writing of this opinion, we find that Deibert *v.* Rhodes was, on Jan. 3, 1928, reversed by the Supreme Court [291 Pa. 550]. CUMMINS, J.

From Harry D. Hamilton, Washington, Pa.