Weisbrod Brewing Co. *v.* Braverman, Appellant.

Argued January 7, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

174

*A. L. Levi,* of *Levi & Mandel,* with him *A. Allen Simon,* for appellant.

*A. S. Longbottom,* of *Byron, Longbottom, Pape & O'Brien,* for appellee.

PER CURIAM, January 27, 1930:

The controlling question on this appeal goes to the proper construction of section 1 of the Act of March 31, 1915, P. L. 39, which directs "the prothonotary of each county......not to enter any judgment unless the judgment creditor, or his duly authorized attorney or agent, produces......a certificate signed by the judgment creditor, or his duly authorized attorney or agent, setting forth the precise residence address of the said creditor."

Here, judgment by confession was entered against defendant on a note. Subsequently, a rule was allowed to show cause why the judgment should not be stricken off, because of alleged noncompliance with the above statutory provision. The court below discharged this rule, and defendant has appealed.

In the first place, appellant contends that the address of the judgment creditor is not precisely set forth in what appellee relies on as the certificate required by the Act of 1915. The certificate in question appears on the back of the note itself, and reads thus: "Hereby certify that the precise residence address of the judgment creditor Frankford Ave. & E. Hagert St. Phila. Filed Jan. 16, 1923. Gross Pro. Prothy."

In Deibert v. Rhodes, 291 Pa. 550, 553, we held the "sole object" of the Act of 1915 "was to afford reliable

record information to the tax authorities" of the address of the judgment creditor. The address furnished in the present case is the business office and brewery of such creditor, which property occupies a large section of a city block. Under these circumstances, the information was sufficiently precise to comply with the "mandatory" requirements (Deibert v. Rhodes, supra, 554) of the statute. A numbered "street address" is "not essential" in every case: New Amsterdam B. & L. Assn. v. Moyerman, 95 Pa. Superior Ct. 47, 52-3.

Appellant next contends that the certification here relied on is not signed, and in that respect fails to comply with the requirements of the act; but the prothonotary's filing stamp is at the foot of the certificate, followed by the signature "Gross," in ink, which indicates that one of the prothonotary's deputies or clerks, by that name, acted in the premises, and, as pointed out in Deibert v. Rhodes, supra (at page 553), the prothonotary or his deputy may be the agent of the judgment creditor for the purpose of certifying the latter's address. The court below well says, "We must presume that what was done was done regularly"; hence, as in the Deibert Case (page 553), we shall assume that, "in recording the information plaintiff gave as to his residence, the prothonotary and his deputy were acting as agents for him in what he at least impliedly authorized them to do." On this theory, those requirements of the act regulating the manner of furnishing information as to the address of the judgment creditor, which, in the Deibert Case (page 554), we held to be "merely directory," were sufficiently met.

The order appealed from is affirmed.