## Registration of Voters in City of York

*Herbert B. Cohen* and *George S. Love,* for appellants.
*Robert M. Laird,* county solicitor, contra.

SHERWOOD, J., November 7, 1932.—This matter comes before the court on an appeal from the action of the county commissioners in striking from the register of the first precinct of the first ward of the City of York, Pa., 23 names registered by the registrars of said district. The reasons assigned for the appeal are: First, because the petition was filed more than 10 days after the persons objected to had been registered by the ward registrars, said persons having been registered on September 8, 1932; and, second, that the petition filed with the county commissioners on October 18, 1932, is defective in that it does not set forth after each name included in the petition the particular or at least a specific jurisdictional reason why the person named is not legally entitled to vote and why he is not lawfully entitled to be registered. The act of assembly applicable is that of March 5, 1906, P. L. 63, sec. 11, which provides:

"If any citizen shall object to the action of the registrars in accepting or rejecting any claim for registration, he may file his petition with the County Commissioners, setting forth the ground of his complaint, within ten days. If the complaint is to the acceptance of a claim, notice to the claimant shall be given by leaving a written or printed notice at his place of residence, as given by him to the registrars and recorded on the registers. When such petitions are filed the County Commissioners shall fix a time and place for hearing them,

sufficiently in advance of the election to enable the same to be heard and disposed of prior thereto, and to have a review thereof by the courts. Such hearing shall be public, before the County Commissioners, and the registers of voters may be amended, either by the insertion of a new name or the cancellation of a name already on the registers, or otherwise, as the County Commissioners may order. The County Commissioners may enforce their orders as herein provided, or may make the amendments themselves or by their clerks. All such applications for correcting the registers must be made not later tha[n] ten days prior to an election."

An inspection of the petition for appeal shows that no complaint is made by the petitioners as to the action of the county commissioners, in that it was not based upon competent legal testimony or that the commissioners failed to carry out the provisions of the act of assembly relative to notice, hearing, etc., before striking said names from the registered list, except that the petition was not filed within 10 days after said petitioners had been registered, on September 8, 1932. No averment is made in said petition that the petitioners are qualified electors of said district or had an actual or constructive residence therein.

Section 11, as above recited, provides: "If any citizen shall object to the action of the registrars in accepting or rejecting any claim for registration, he may file his petition with the County Commissioners, setting forth the ground of his complaint, within ten days." It is to be noticed that this clause ends with the words "within ten days", but no mention is made of the commencement of this 10-day period of limitation. If the contention of the appellants as to the meaning of these words, "within ten days", is within 10 days after registration, then the natural inquiry would follow: What did the legislature mean by adding in the end of this paragraph the following, "All such applications for correcting the registers must be made not later than ten days prior to an election"? If the words meant within 10 days following the actual registration, then the clause last quoted would appear to be meaningless and senseless, for under no circumstances could any time or any day following the lapse of such 10-day period be within 10 days of an election. These clauses should be read together and a construction given that is sensible. The intent and meaning of section 11 of the act would seem to be that applications for correcting the registers must be made not later than 10 days prior to the election.

It would seem that the striking off of the names of the petitioners from the register was not error for another reason. Whether a statute is mandatory or directory depends on whether the thing directed to be done is of the essence of the thing required: Norwegian Street, 81 Pa. 349; Apollo Borough v. Clepper, 44 Pa. Superior Ct. 396; Com. v. Zillafrow, 207 Pa. 274, and cases cited. The essence of the thing to be accomplished by the Act of March 5, 1906, P. L. 63, is the personal registration of qualified electors in cities of the third class of this Commonwealth by registrars, making this registration a condition of the right to vote and providing penalties for violation of its provisions, and as to these matters the statute may well be treated as mandatory.

Whether a particular statute is mandatory or directory does not depend upon its form but upon the intention of the legislature, to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other: 59 C. J. 1072, sec. 631, McQuiston's Adoption, 238 Pa. 304, and Deibert v. Rhodes, 291 Pa. 550. When a statute directs certain proceedings to be done in a certain way or at a certain time, the law will be regarded as directory and the proceedings under it will be held valid although the command of the statute as to form and time has not been strictly obeyed, the time and manner not being of the essence or thing required to be done: Coolbaugh v. Herman, 221 Pa. 496; Cowan's Estate, 184 Pa. 339;

672

Diebert v. Rhodes, supra. It follows that the first reason assigned as error cannot be sustained.

As to the second reason alleged, we fail to follow the appellants. The petition addressed to the county commissioners to strike off appellants' names averred one fact only as applicable to all of the appellants, to wit, that they were not residents of No. 101 South George Street, and we see no reason why that fact should be repeated after the name of each appellant in the petition to strike off addressed to the county commissioners. There is nothing in the act of assembly that requires it. The second reason assigned as error cannot be sustained.

And now, November 7, 1932, it is ordered, adjudged and decreed by the court that the decision of the county commissioners, striking from the register of the first precinct of the first ward of York City 23 names registered from No. 101 South George Street, in said election district, be and is hereby affirmed.

From George Hay Kain, York, Pa.