From Homer L. Kreider, Harrisburg, Pa.

## W. J. Rose & Sons, Ltd., v. Cambria County

*Graham, Yost & Meyers,* for plaintiff; *W. Stephens Mayer,* for defendant.

GREER, J., October 4, 1934. — After the filing of a statement of claim, the parties agreed on the facts and have submitted them in the form of a case stated. W. J. Rose & Sons, Ltd., is a partnership association formed under the Act of June 2, 1874, P. L. 271, as amended by the Act of June 7, 1907, P. L. 432, 59 PS §341. Such an association is akin to a corporation in many respects, among them being the requirement that there be paid to the Commonwealth a tax on its capital stock of 5 mills, as provided by the Act of June 1, 1889, P. L. 420, sec. 21, and its amendments . . . 72 PS §1871 . . .

Among the agreed facts is the payment by plaintiff of a personal property tax of 4 mills on certain personal property under the provisions of the Act of June 17, 1913, P. L. 507, sec. 1, and its supplements, 72 PS. §4821, a tax now levied for county purposes. This act provides, inter alia, that a limited partnership liable to tax on its capital stock for such purposes shall be exempt from the provisions of the personal property tax: Limited Partnerships, 18 Pa. C. C. 87.

The present action was brought to recover taxes inadvertently paid to the county treasurer since 1929, which may not be accomplished unless such recovery be provided for by an appropriate statute: Shenango Furnace Co. v. Fairfield Twp., 229 Pa. 357.

The Act of May 8, 1929, P. L. 1656, 72 PS §5566, authorizes the county commissioners, upon due proof of an erroneous or inadvertent tax payment by any person or corporation, to make refund of such tax. That a partnership asso-

ciation is in legal effect "a person or corporation" has been decided in Oak Ridge Coal Co., Ltd., v. Rogers, 108 Pa. 147.

The act reads: "The county commissioners, upon due proof of any such erroneous or inadvertent tax payments, are hereby authorized to draw their warrant on the county treasurer, in favor of such person or corporation, to make refund of such tax or taxes to which the country has no valid claim, out of the county funds."

Is this statute merely directory, and is it to be so construed by reason of the expression, "the county commissioners . . . are hereby authorized to draw their warrant . . ."? The late Judge Endlich discussed the interpretation to be given this expression in section 306 of his "Interpretation of Statutes." The weight of authorities quoted by him inclines to the interpretation that the expression so used is equivalent to an imperative direction when truthful claims are presented: People ex rel. v. Board of Supervisors of Otsego County, 36 How. Pr. (N. Y.) 1.

With his accustomed thoroughness, Judge Endlich reviewed the pros and cons in the Interpretation of Statutes, quoting liberally from decisions of the Queen's Bench in subsequent sections. He arrives at the gist of the matter by concluding: "Whenever the act is to be done for the benefit of others, the word 'may,' or any of its equivalents, simply confers a power or capacity to do the act. It is facultative, not permissive, and neither by its own connotation, nor by force of any legal principle, does it necessarily imply an option to abstain from doing the act. On the contrary, it is a legal, or rather a constitutional principle, that powers given to public functionaries or others for public purposes or the public benefit, are always to be exercised when the occasion arises": sec. 310.

The English decisions, with few exceptions, hold that it is imperative on those so authorized to exercise the authority when the cause arises, and that that exercise depends not on the discretion of the courts or judges, but upon proof of the particular case out of which the power arises. Our United States Supreme Court followed this rule of interpretation, saying that what public officers are empowered to do for a third person the law requires shall be done whenever the public interest or individual rights call for the exercises of the power, since the latter is not given for their benefit but for his, and is placed with the depositary to meet the demands of right and prevent the failure of justice. In all such cases the court observed the intent of the legislature, which is not to devolve a mere discretion but to impose a positive and absolute duty: Supervisors v. United States ex rel., 4 Wall. (71 U. S.) 435, 446.

Expressions such as "authorize" or "authorize and empower" or "shall have power" are to be construed as mandatory or permissive in accordance with the legislative intent manifested in the particular act: 59 C. J. 1087.

The decisions of our own courts adopt this interpretation. For illustration, in Deibert, to use, v. Rhodes, 291 Pa. 550, the court says: "The intention of the legislature, [is] to be ascertained from a consideration of the entire act, its nature, its object, and the consequences that would result from construing it one way or the other".

A similar interpretation is given such statutes in Apollo Borough v. Clepper, 44 Pa. Superior Ct. 396, 403.

Plaintiff's counsel, in an elaborate brief, have cited manifold instances of similar interpretations in various jurisdictions, and from numerous text writers. But we think the interpretation placed upon this statute by us needs no further elaboration. To hold it directory would be tantamount to allowing refunds to be made at the whim of commissioners or in their discretion, without

regard to the merits of each particular case, and would lead to all kinds of confusion and perhaps injustices.

The ingenious argument of counsel for defendant that the legislature intended the county authorities to be the judges and that their decisions might be arrived at not merely from the merit of the petitioner asking for the refund, but on the state of the county exchequer, cannot be taken seriously. Nor can we give the interpretation sought to be placed upon the case of People ex rel. v. Gilroy, Mayor, 82 Hun. 500, 31 N. Y. Supp. 776, affirmed 145 N. Y. 596.

We are of opinion, therefore, that the act means to afford to one, whether a person or corporation, who has erroneously or inadvertently paid taxes on real or personal property, when in fact such taxes were not due, an opportunity to recover the same, and the test is not whether in the discretion merely of the county commissioners this should be done, but rather in the merit of the claim in each particular instance.

Wherefore, judgment is directed to be entered for the plaintiff against the defendant in the amount sued for, namely $1,290.11, with interest from August 4, 1933.                        From Henry W. Storey, Jr., Johnstown, Pa.