## Polke's Estate

*Leonard K. Guiler*, for appellant.
*McCreery & Wolf*, contra.

Before TRIMBLE, P. J., and MITCHELL and CHALFANT, JJ.

CHALFANT, J., March 5, 1937.—Decedent died April 17, 1936. By his will, executed March 31, 1934, he bequeathed the sum of $100 to his adopted daughter and the balance

of his estate to his stepson. Letters testamentary were issued April 22, 1936. On May 12, 1936, the daughter filed an appeal from the probate of the will, and, upon her petition alleging poverty and inability to furnish a bond, this court directed the register to accept her own bond without surety. A few days later, upon petition of the residuary legatee, a rule was granted upon appellant to show cause why the appeal should not be dismissed for noncompliance with section 20 (a) of the Register of Wills Act of June 7, 1917, P. L. 415.

This act provides, inter alia:

"It shall not be lawful for any register of wills, having jurisdiction of the probate of wills and the granting of letters testamentary and of administration within this Commonwealth, to entertain, consider, or regard any caveat against the probate of any last will and testament, or the granting of letters testamentary or of administration, or any appeal from the probate of any such will, or from the grant of any letters testamentary or of administration, unless such caveator or caveators, appellant or appellants, shall, within ten days after the filing of such caveat or appeal, enter into a bond, in the name of the Commonwealth of Pennsylvania, with at least two sufficient sureties to be approved by the register". . . .

Section 1 of the fourteenth amendment of the Constitution of the United States, U. S. C. Constitution, part 1, p. 41, provides, inter alia:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws".

Art. I, sec. 9, of the Constitution of Pennsylvania, provides, inter alia: ". . . nor can he be deprived of his life, liberty or property, unless by the judgment of his peers or the law of the land".

It is the contention of counsel for appellant that, unless she is relieved from the requirements of the Register of Wills Act of 1917, she will be deprived of the benefits given her by the Constitutions of the United States and of Pennsylvania. He has not referred us to any case sustaining his position, nor have we from our own research been able to find any.

"An appeal is a process of civil law origin", and not a common-law right: 1 Bouvier's Law Dictionary 208.

"While the law has usually considered it an essential right of a suitor to have his rights examined in tribunals superior to those in which he considers himself aggrieved, the right pertains to the remedy, and, in the absence of constitutional inhibition, it is within the power of the legislature to prescribe the cases in which and the courts to which parties shall be entitled to bring a cause for review; and to impose such conditions and restrictions as it may see fit": 3 C. J. 297, sec. 1.

"At common law, as we shall see, and in some states under the statutes, a writ of error to review a judgment will lie at the instance of any person who is a party or privy to the record, or who is directly affected by the judgment and would be benefited by its reversal . . . An appeal, however, is entirely statutory in all jurisdictions, and no person can prosecute an appeal, unless the right to do so is given him by the statute": 3 C. J. 616, sec. 464.

Section 20 (a) of the Register of Wills Act of 1917 expressly provides that an appeal cannot be taken unless a bond be filed.

In Bailey's Estate, 281 Pa. 392, where the bond was not signed by the sureties within the time prescribed, the appeal from the register was dismissed. In discussing the Act of 1917, our Supreme Court, in a per curiam opinion said, at page 395:

"The terms of the act of assembly referred to make a strict compliance therewith necessary; the bond ex-

ecuted by the appellants alone does not comply with the law, and the register should have dismissed the appeal. The statute is specific as to when the appeal may be taken and as to how it is to be perfected. Ample time is given to comply with these requirements. The required conditions have not been met in the case at bar and the situation is as if no appeal had been filed.

"We need add only that decisions in cases involving bonds, on appeals from judgments of justices of the peace and others, given under common-law rules or acts of assembly differing from the one now before us, do not control here where, as the court below so well states, the statutory requirements are mandatory and the consequences of departure therefrom plain."

In Harris v. Mercur (No. 1), 202 Pa. 313, 316, it is stated:

"This is a proceeding under an act of assembly, the provisions of which must be strictly complied with to give the court jurisdiction. The requirements of the act are mandatory, and in so far as they are disregarded the proceedings are of no validity. As said by Mr. Justice Woodward in Norwegian Street, 81 Pa. 349, quoting from a note to Dwarris on Statutes, 224, 'in all cases in the courts where the authority to proceed is conferred by statute, and where the manner of obtaining jurisdiction is prescribed by statute, the mode of proceeding is mandatory, and must be strictly complied with, or the proceedings will be utterly void.' "

Since appellant did not comply with the provisions of the act in giving a bond with sureties, the appeal was not perfected, and the order of this court directing the register to accept bond without sureties was without jurisdiction.

### Decree

And now, to wit, March 5, 1937, upon consideration of the foregoing case, it is ordered, adjudged, and decreed that the appeal of Florence Mary Reinhard from the pro-

bate of the will of Paul F. Polke, deceased, be, and it is hereby, dismissed without prejudice to her right to take another appeal within the time prescribed by the act of assembly and upon compliance with the provisions thereof.