## Commonwealth v. Fenstermaker

*Donald B. Corriere*, for appellant.
*Peter Rybak*, for Commonwealth.

GRIFO, J., August 4, 1969.—Defendant, William C. Fenstermaker, by information properly served, was charged with violating section 1016, subsection (b), of The Vehicle Code of April 29, 1959, P. L. 58, 75 PS §1016, more commonly referred to as the "Stop Sign Violation" section.

On Thursday, February 13, 1969, after hearing, Justice of the Peace Robert M. Shively found defendant guilty and collected fine and costs of $10. Defendant also deposited $25 bail.

In compliance with the Minor Judiciary Court Appeals Act of December 2, 1968, no. 355, 42 PS §3001, defendant filed timely notice of appeal in the office of the clerk of the court of common pleas, criminal division. Said notice indicated that Haber & Corriere, 528 North New Street, Bethlehem, Pa., were counsel for defendant. A copy of this notice was served on the justice of the peace.

Although the justice of the peace timely filed a transcript in the office of the clerk of the court of common pleas, criminal division, he admittedly did not serve, either personally or by certified mail, a

copy of this transcript upon the attorneys of defendant or upon defendant.

Defendant filed praecipe for judgment of non pros. The clerk did not enter the judgment of non pros, and the matter came to hearing before the court on the appeal under section 3, subsection (f) of the act.

Section 3, subsection (d) of the act provides as follows:

(d) "The issuing authority shall within twenty days after service upon him of a notice of appeal file with the officer of the court his transcript of proceedings, the amount of fines and costs and bail received in said case, if any, the summons or warrant issued by him, the original copy of the complaint and the bail undertaking executed by the defendant, if any; he shall also serve personally or by certified mail a copy of his transcript upon the attorney for the defendant, or if none, upon the defendant."

Section 3, subsection (e) of the act provides as follows:

(e) "The failure of the issuing authority to file the transcript and other papers of the proceeding as required above shall result in rendering the conviction a nullity and the officer of court with whom the notice of appeal was filed shall, upon praecipe of the defendant, enter a judgment of non pros: upon presentation of a certificate of a judgment of non pros issued by the officer of the court, the issuing authority shall refund to the defendant the fine and costs previously paid and make the appropriate entry upon his records."

It is clear from a reading of subsection (e) that the only circumstance under which the clerk has the authority to enter a judgment of non pros is the failure of the issuing officer "to file the transcript and other papers of the proceeding." The defect here, if any, is the failure of the issuing officer to *serve* a copy of the tran-

script on defendant or his attorney and not the failure of the issuing officer to file the transcript or other papers. The clerk's failure or refusal to enter the judgment of non pros in this matter was therefore proper.

At the hearing of the matter de novo on the appeal, the failure of the justice of the peace to serve personally or by certified mail a copy of his transcript upon defendant or his attorney was admitted.

The question before the court is whether the provisions of subsection (d) requiring service of a copy of the transcript on defendant or his counsel are mandatory or directory. Whether a particular statute is mandatory or directory depends upon the intention of the legislature to be ascertained from a consideration of the entire act, its nature, its object and the consequence that would result from construing it one way or the other: Deibert v. Rhodes, 291 Pa. 550, 140 Atl. 515.

The Minor Judiciary Court Appeals Act of December 2, 1968, supra, was passed not only to provide for a right of appeal, in all cases, from decisions of the minor judiciary, but also to provide the procedure therefor. Its clear intention is to eliminate confusion, duplication, and inconsistencies created by existing statutes in the field of appeals from decisions of the minor judiciary. To accomplish this purpose and intent the act in section 7 specifically repealed 18 other acts or parts of acts.

The intention of the legislature is clear. It intended to set up a single uniform procedure in all appeals from decisions of the minor judiciary. Every use of the word "shall" in the act must therefore have been intended to be mandatory. To hold otherwise would so seriously impair the purpose of the statute as to amount to a defeat of that purpose.

For a court to now decide that certain parts only are mandatory and other parts are directory would be

to recreate the confusion which the act intended to eliminate.

## ORDER OF COURT

And now, August 4, 1969, the case is dismissed for failure of the justice of the peace to serve a copy of the transcript upon defendant or his attorney. The clerk is directed to refund defendant's fine, costs, and bail.