Robinson, J.
 

 A reversal of the judgments below is sought here upon two grounds, the first being that the board of county commissioners, while finding for the improvement, did not find that the improvement would be conducive to the public health, convenience, or welfare, the first finding for the improvement being in the following language:
 

 “After hearing all the proofs, therefore, we, the board of county commissioners, do find favorably upon the improvement, upon the following plan.”
 

 Ten days later the commissioners passed a resolution in the following language:
 

 “This board, still being of the opinion that the construction of said ditch will be conducive to the
 
 *85
 
 best interest and welfare of the public, do again find favorably on said improvement.”
 

 We are of opinion that the resolution quoted last above, while inaccurate in the use of the word “still,” amounts to a finding as of that date that the improvement will be conducive to the public welfare.
 

 The other ground of error raises the question of the power of a board of county commissioners to rescind its action establishing a county ditch improvement and its power to rescind such rescission.
 

 A board of county commissioners in the construction of a county ditch improvement has such powers as are specifically conferred by statute and such implied powers only as are necessarily incident thereto. While we find no provision specifically authorizing a board of county commissioners in a county ditch improvement to correct its own mistake in determining that the improvement will be conducive to public health, convenience, or welfare, we do find provision for an appeal from final orders of boards of county commissioners in ditch proceedings, such as the order here under consideration; and, since the purpose of such appeal is but to retry and redetermine the issue, to the end that a just and lawful determination may result, and since the function of the board of county commissioners in the construction of a county ditch improvement is that of an arm of the state, acting in a governmental capacity, with a purpose to promote the public health, convenience, or welfare, we are of opinion that as an incident to the powers specifically conferred upon such board to deter
 
 *86
 
 mine whether such improvement will be conducive to the public health, convenience, or welfare there exists the power, when such board finds that it is mistaken in its conclusion that such improvement will promote the public health, convenience, or welfare, to correct such mistake, and thus itself accomplish that which by specific provision may be accomplished by appeal.
 

 With reference, however, to the rescission of a finding against such improvement, a different conclusion must be reached, for the reason that the jurisdiction of the board of county commissioners in county ditch improvements can be invoked only by petition. The function of such petition is to invoke such jurisdiction, to furnish certain general information, and to assume responsibility for the payment of the expense of ascertaining, through the surveyor, more definite information. The petition, therefore, has performed its whole function when the board of county commissioners has found either for or against the proposed ditch improvement. If the finding be favorable to the petitioner, his obligation is terminated, and the improvement proceeds as a county enterprise. The jurisdiction of the board invoked by the petition continues, although the function of the petition has been performed.
 

 Where, however, the board of county commissioners finds against such improvement the quasi jurisdiction, assumed upon the filing of the petition for the purpose of determining whether it will assume full jurisdiction to prosecute the improvement, is thereby terminated. The petition, having performed its function, has no further vitality, and
 
 *87
 
 the board of county commissioners thereafter has no more jurisdiction in the premises than if such petition had never been filed.
 

 We therefore reach the conclusion that the board of county commissioners in this case had jurisdiction to pass the resolution of January 12, 1922, dismissing the proceedings in the “Hayes county ditch,” and that, having dismissed the proceedings, its jurisdiction with reference to that improvement terminated. The judgments of the Court of Appeals and of the common pleas are reversed.
 

 Judgment reversed.
 

 Jones, Matthias, Day, Allen and Kinkade, JJ., concur.