MUCHINNIPPI CREEK & MIAMI RIVER IMPROVEMENT
NUMBER 2 ET AL. *v.* WILDERMUTH ET AL.

(Decided April 6, 1929.)

*Messrs. West & Campbell, Mr. George S. Middleton, Messrs. Dittmer & Timmermeister, Mr. Elmer Godwin, Mr. A. Jay Miller* and *Mr. Otto J. Boesel,* for plaintiffs in error.

*Mr. F. G. Long, Messrs. Mills & Doorley* and *Mr. Dow Aikin,* for defendants in error.

CROW, J. This is a case on error to the court of common pleas of Logan county, Ohio, assailing the dismissal of an appeal in the matter of a joint county ditch improvement within Logan, Auglaize, and Shelby counties. No question is presented relative to any step taken in the proceedings of the joint board of county commissioners prior to the meeting held February 10, 1928, which was the date fixed for the final hearing provided for in Section 6462, General Code.

At that meeting, which was attended by all members of the boards of commissioners of the three counties, the journal shows, among other matters, the following:

"Mr. Johnson moved the adoption of the following resolution:

" 'Whereas, we find that due and legal notice of this final hearing has been given as required by law; and

" 'Whereas, said board has heard all the evidence offered in the proceedings and received and considered all the schedules and reports filed by the surveyor, therefore be it

" 'Resolved, that said board review and reconsider the former order made by us in favor of said improvement; and be it further

" 'Resolved, that we do hereby approve the maps, profiles, schedules and reports prepared by the county surveyor; and

" 'Whereas, this board has considered the cost of location and construction, the compensation for land taken, the damages to land along or in the vicinity of the route of the improvement, the damages to land

below the lower terminus of the improvement which may be caused by constructing the improvement, the sufficiency of the outlet, the benefits to the public welfare and the special benefits to land needing the improvement; therefore be it

" 'Resolved, that the former order finding in favor of said improvement made by us at the first hearing, be and the same is hereby affirmed; and

" 'Whereas, numerous objections to the proposed assessments having been filed and the board having heard said objections and all evidence offered for or against the assessments proposed to be levied and from an actual view of the premises; therefore be it

" 'Resolved, that all objections to the proposed assessments be and the same are hereby overruled and that the surveyor's assessments be and the same are hereby approved and confirmed.'

"Mr. Barhorst seconded the motion and on roll call the following vote was taken:

"Mr. Brackney, yea; Mr. Graessle, yea; Mr. Youngs, yea; Mr. Johnson, yea; Mr. Fuson, yea; Mr. Patton, yea.

"Mr. Barhorst, nay; Mr. Cole, nay; Mr. Brandon, nay.

"The president declared this motion lost."

The journal further shows that on March 8, 1928, "the joint board of county commissioners met on call of the president," with all the nine county commissioners present, and that the minutes of the last meeting were read and approved.

The journal last referred to further shows the following:

214

"Mr. Barhorst moved the adoption of the following resolution:

" 'Whereas, the resolution offered by Mr. Johnson at the last meeting of the joint board had failed to pass; therefore be it

" 'Resolved, by the joint board of county commissioners of Shelby, Auglaize and Logan counties that the petition for the improvement of the said Muchinnippi-Creek and Miami-River Improvement No. 2, so called, and all proceedings thereto, be and the same are hereby dismissed.'

"Mr. Cole seconded the motion and on roll call the following vote was taken:

"Yeas—Mr. Brackney, Mr. Graessle, Mr. Youngs, Mr. Barhorst, Mr. Cole, Mr. Brandon, Mr. Johnson, Mr. Fuson and Mr. Patton. Nays—None.

"The president declared the motion carried and the resolution adopted.

"To which action of the said joint board exceptions were taken by certain petitioners, and notice of intention to appeal said matter was given.

"It was moved by Mr. Fuson and seconded by Mr. Youngs that the said joint board fix the amount of the appeal bond at five hundred dollars ($500.00).

"Motion carried on roll call by the following vote.

"Yeas—Mr. Brackney, Mr. Graessle, Mr. Youngs, Mr. Barhorst, Mr. Cole, Mr. Brandon, Mr. Johnson, Mr. Fuson, Mr. Patton. Nays—None.

"Bills Allowed.

"On motion of Mr. Johnson, seconded by Mr. Graessle, Mr. Brackney, yea; Mr. Graessle, yea; Mr. Youngs, yea; Mr. Barhorst, yea; Mr. Cole, yea; Mr.

Brandon, yea; Mr. Johnson, yea; Mr. Fuson, yea; Mr. Patton, yea, the following bill was allowed and ordered paid. W. M. Brandon Per Diem and Expenses, $5.50.

"There being no further business, on motion of Mr. Brandon seconded by Mr. Graessle, the joint board adjourned on call of the president."

The bond to effect the appeal here in controversy bears date of March 20, 1928, and carries approval as to sureties and amount by the county auditor of Logan county, Ohio, on March 21, 1928, on which later date it was filed in the office of the county auditor of Logan county, Ohio.

The bond names $500 as the penal sum, and contains the condition that the obligors "shall pay all costs on appeal if the decision, order or judgment appealed from be sustained in the hearing or trial thereof."

The motion to dismiss the appeal was rested on a number of grounds, only two of which are sufficiently important to deserve notice.

First, that the bond itself was void by reason of the presence of a limitation of the penalty to the amount of $500.

Section 6468, General Code, requires that to perfect an appeal an owner of land shall within 21 days from the date of the order appealed from file with the county auditor a bond, to be approved by that officer, "to pay all costs on appeal, if the decision or order appealed from be sustained on a hearing or trial thereof."

There is no other statutory provision relative to the form or substance of the bond, as there is in re-

spect to the bond to be filed with the petition for the improvement, pursuant to Section 6446, General Code.

Whilst we do not have in issue in the case at bar the direct question of the extent of liability of the obligors on the bond, the inquiry is presented whether the bond satisfies the requirements contained in Section 6468, General Code. The statute provides the terms of the obligation of the signers, and the language of the instrument executed and delivered in the case here comes clearly within the words of the statute. There being no provision for an amount to be named as the penalty of the bond, it must be held that no amount need be named, but the liability should extend to such limits as would be reached in covering "all costs on appeal." We therefore hold that the naming of $500 as the penalty is surplusage. and consequently must be disregarded. This holding is in line with the text in 3 Corpus Juris, page 1158.

The second ground to be considered is whether the appeal was perfected by filing the bond 21 days after the meeting held February 10, 1928, but within 21 days after the meeting held March 8, 1928.

Section 6537, General Code, makes applicable to joint county ditches all the statutory provisions governing single county ditches, being Sections 6442 to 6508, General Code, excepting as modified by Sections 6535-1 to 6545, General Code.

Section 6538, General Code (110 Ohio Laws, 196) reads in part:

"A quorum of such joint board at each meeting thereof shall consist of at least two commissioners

from each county; all the decisions of the joint board shall be made by a vote of at least two members of each board of county commissioners, and in case any question does not receive the affirmative vote of two members of each board of the county commissioners represented, then such question shall be decided in the negative."

We now turn to Section 6462, General Code, hereinbefore alluded to, whose interpretation with that of Section 6538, General Code, must settle the contention of whether the bond effectuated an appeal.

It was incumbent on the joint board of county commissioners to review and reconsider the former order made by them finding in favor of the improvement, and either to affirm said former order and proceed to confirm the assessments and let the contract for making the improvement or to set aside such former order and dismiss the petition.

Did the language we have quoted from Section 6538, General Code, making a decision negative when any question does not receive the affirmative vote of at least two members of each board of county commissioners, put an end to the proposed improvement on February 10, 1928, or did the proceeding for the improvement survive until March 8, 1928, when the resolution to dismiss the petition was adopted?

The record does not show that at that meeting the former order was set aside.

To the end that there be no misunderstanding, it should be emphasized that the record of the meeting of February 10, 1928, makes no mention of either a setting aside of the former order, or a dismissal of the petition, and the record of the meeting of March

8, 1928, shows a dismissal of the petition, but no setting aside of the former order.

A careful study of Section 6462, General Code, compels the conclusion that it was the legislative intent to determine the proceeding for the improvement at the final hearing, in one of two ways: Either to go forward with it, or to then stop it. True, the words, "or shall set aside said former order and dismiss the petition," must be reckoned with; but, by operation of law, to wit, the negative vote resulting from the quoted provision of Section 6538, General Code, had disaffirmed the former order finding in favor of the improvement, which left nothing further to be done than to set aside the former order and dismiss the petition, which, as we have said, the record does not show to have been done on February 10, 1928.

We need not particularly notice the statutes governing the procedure of the joint board of county commissioners, concerning the view as to the improvement, the first hearing, adjournments of such hearing, and the like; but it is well to note that, under Sections 6459, 6461 and 6462, General Code, no adjournment of the final hearing is authorized, except to consider claims for compensation or damage, applications for change of route, or course, or either terminus, or in the nature, kind, or extent of the work. In the case here, no such claims or applications were then pending.

We are therefore led to the question whether, upon the negative vote which disaffirmed the former order finding in favor of the improvement, the duty to set aside such former order and dismiss the petition was

mandatory or whether it was directory. If it was mandatory, the proceeding for the improvement did endure until the commanded steps were taken, one of which, the dismissal of the petition, did occur on March 8, 1928. The other step, the formal setting aside of the former order finding in favor of the improvement, has not yet been taken. But, if the provision be directory, the failure to obey it did not affect the finality of the proceeding.

Much has been written by eminent authors, prominent among whom was Mr. Sutherland, and many cases have been decided by courts of high standing, concerning the distinguishment between mandatory and directory statutory provisions.

We shall not quote at length from any of the textbooks, nor from the cases which have to do with the point. There is a general rule deducible from the authorities with which we are wholly satisfied; it is set forth in Bouvier's Law Dict. (Rawle's 3d Ed.), at page 3130, as follows:

"As to *mandatory* and *directory* statutes, it is said that when the provision of a statute is the essence of the thing required to be done, it is mandatory; *In re Norwegian Street,* 81 Pa., 349; otherwise, when it relates to form and manner; and where an act is incident, or after jurisdiction acquired, it is directory merely; *Davis* v. *Smith,* 58 N. H., 17."

In the case before us the joint board of county commissioners had jurisdiction of the proceeding for the improvement, and was exercising that jurisdiction, namely, determining, on the 10th of February, 1928, finally, whether the improvement should or should not be made. It was voted that the im-

provement should not be made, but the statute, Section 6462, General Code, had not been obeyed so far as concerned the requirement of setting aside the former order finding in favor of the improvement and dismissing the petition.

In our opinion, and such we hold to be the law of the case, the requirement as to setting aside such former order and dismissing the petition was a directory provision; that is to say, it directed the performance of those two duties by the joint board, if and when a decision was made which did not affirm the former order finding in favor of the improvement; those two steps were merely incidental to the negative determination, and went only to the form and manner of exercising the jurisdiction.

The bond not having been filed within twenty-one days from February 10, 1928, the attempted appeal failed, and the court below correctly sustained the motion to dismiss it.

*Appeal dismissed.*

HUGHES, J., concurs.

JUSTICE, J., dissents from proposition 2 of the syllabus and from the judgment.

JUSTICE, J., dissenting. The appeal, in my opinion, was perfected within the time prescribed by law. I therefore cannot concur in the judgment to dismiss it.

We learn from the record that on February 10, 1928, the day of final hearing, the members from Logan and Auglaize counties voted "Aye" and the members from Shelby county voted "Nay" upon a motion to adopt a resolution confirming their for-

mer order finding for the improvement; that there-upon the president of the board declared the motion lost; and that thereafter no action whatsoever was taken by the board until March 8, 1928, when it again met, all members being present, and, after allowing and ordering the payment of certain bills, unanimously adopted the following resolution:

"Whereas, the resolution offered by Mr. Johnson at the last meeting of the joint board had failed to pass; therefore be it resolved by the joint board of county commissioners of Shelby, Auglaize and Logan counties that the petition for the improvement of the said Muchinnippi Creek and Miami River Improvement No. 2, so called, and all proceedings thereto, be and the same are hereby dismissed."

Did the failure of said board to pass the resolution of February 10th, in and of itself, divest the joint board of all jurisdiction in the premises? I do not think so.

Section 6538, General Code, so far as pertinent here, merely declares when a question shall be decided in the negative. The sole purpose for its enactment was to make certain that which otherwise would be uncertain. No other purpose for its existence is apparent.

Section 6462, General Code, so far as applicable here, provides that the commissioners shall either affirm their former order or shall set it aside and dismiss the petition.

The foregoing sections are independent of each other. They are not conflicting. They are self-limited and self-explanatory. By enacting Section 6538, the Legislature did not, in my opinion, either expressly or impliedly declare that a joint board

could, by merely entering upon its journal a negative vote such as we have here, dispense with the requirements of said Section 6462. One of the cardinal principles of statutory construction is that some effect, if possible, must be given to each and every word of an act. Lewis' Sutherland, Statutory Construction (2d Ed.), volume 2, 731.

Surely the joint board on February 10th had a right to reconsider its vote on said resolution, and if on February 10th, why not at any lawfully called meeting thereafter up to and including March 8th? On March 8th the joint board authorized by resolution the payment of certain bills. If the proceedings were pending on March 8th for the payment of bills, why not for other purposes? The mere fact that the joint board separated on February 10, 1928, without adjourning to a day certain, is of no moment, in the absence of a showing that a right of the appellees below, the defendants in error here, was, by reason thereof, invaded to their damage. The proposition that a deadlock in the board might result, and the proceedings by reason thereof be carried along indefinitely, if said Section 6462 be held mandatory, is without merit. The presumption is that public officers do as the law and their duty require. Lawson's Law of Presumptive Evidence (2d Ed.), p. 67. Furthermore, the courts are always open to grant appropriate relief if peradventure the law is not complied with.

Manifestly, said Section 6462, General Code, is mandatory. Hence its provisions must be strictly obeyed.

It is insisted by counsel for defendants in error that the rule enounced in the fourth proposition of

the syllabus in the case of *Rambarger* v. *Curl et al., Commrs.*, 115 Ohio St., 81, 152 N. E., 18, is controlling. That paragraph reads:

"4. When a board of county commissioners has found against a county ditch improvement, it has divested itself of all jurisdiction in the premises, and is without power to reinvest itself with such jurisdiction."

A careful reading of the facts in that case, however, convinces me that it is not an authority upholding the judgment entered in the court below. In that case the board on December 29, 1924, entered upon its journal the following resolution:

"And it appearing that this board is without jurisdiction to further proceed with the improvement, be it resolved by this board of county commissioners that we hereby dismiss all action taken on the Hayes county ditch. * * * Therefore, be it resolved that the proceedings of January 12, 1923, relative to said Hayes ditch be, and is hereby, set aside and rescinded."

Thereafter, on March 17, 1925, said board amended and corrected assessments levied prior to December 24, 1924, and levied upon the lands of Hart the sum of $100.

Obviously the facts in that case are different from the facts in the instant case. Time and time again our Supreme Court has declared that the syllabus of a case must be read in the light of the facts as disclosed by the record. *State, ex rel.,* v. *Edmondson*, 89 Ohio St., 93, 107, 105 N. E., 269, 52 L. R. A. (N. S.), 305, Ann. Cas. 1915D, 934. The fourth paragraph of the syllabus in the *Rambarger case* is, therefore, in my opinion, not decisive of the question here.

A board of county commissioners speaks only through its journal. In the instant case the joint board terminated the proceedings on March 8th. Thereafter, and within 21 days from that date, the appeal was perfected. Clearly the appellants below, who are plaintiffs in error here, were within time.

For the reasons stated, the judgment of the court below should be reversed and the cause remanded to that court for further proceedings according to law.